THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

P.W. ARMS, INC., a
Washington corporation,

                    Plaintiff,

      v.

UNITED STATES OF AMERICA and the
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, a Federal
Agency,

                    Defendants.

Case No.  2:15-cv-01990 JCC

**PLAINTIFF'S OPPOSITION
TO DEFENDANT UNITED
STATES OF AMERICA'S
MOTION TO DISMISS FTCA
CLAIM PURSUANT TO FED.
R. CIV. P. 12(b)(1)**

## I.      INTRODUCTION

Plaintiff, P.W. Arms, Inc. (PWA) requests the Court deny the Defendant United States of America's ("USA" or "government") Federal Rule of Civil Procedure 12(b)(1) motion to dismiss PWA's Federal Tort Claims Act (FTCA) claim and allow the parties to conduct discovery necessary to full and just adjudication.  The government, acting through the Bureau of Alcohol, Tobacco and Firearms (ATF), negligently caused PWA to suffer damages by rubber-stamping PWA's 2013 and 2014 importation permits for 7N6 5.45x39mm ammunition (7N6) that was unlawful for PWA to wholesale because, in ATF's words, "the ammunition is classified as 'armor piercing ammunition' per 18 U.S.C. § 921(a)(17)(B)(i)."  *See* Complaint, Dkt. #1 at 11 ¶47.[1]  No

---

[1] For purposes of PWA's FTCA claim and this response, PWA accepts this to be true.  PWA's complaint seeks relief in the alternative under the Administrative Procedures Act (APA) based upon the Gun Control Act's definition of "armor piercing ammunition," which does not classify 7N6 as armor piercing because neither the projectile nor

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

FTCA exception deprives subject matter jurisdiction of PWA's tort claim, which is rooted in common law negligence, and grounded in precedent.[2]  The government's rhetorical labeling of ATF's actions as "discretionary" regarding the above mandatory statutory duty does not transform ATF's tortious conduct into a matter of agency choice regarding social, economic or political policy.  Nor can the government effectively recast ATF's negligent permit approvals into a "detained goods" exception based on subsequent and distinct actions by U.S. Customs acting at ATF's behest.  The gravamen of PWA's claim is that in 2013 and 2014, ATF negligently reviewed and issued permits to PWA for "armor-piercing ammunition" that had become illegal to import for wholesale after ATF approved in 2011 a handgun capable of using 7N6 without public notice to the industry.  Because PWA cannot lawfully wholesale this ammunition to federally licensed retailers, the purpose stated on its permit applications, the government remains liable under the FTCA for rubber-stamping PWA's permit applications and for damages to be proven at trial.

## II.    BACKGROUND

ATF licenses PWA as an importer and wholesaler of ammunition and firearms.  PWA sells these goods to other federally licensed firearm dealers (FFLs) and is headquartered in Redmond, Washington.  *See* Dkt. #1 at ¶1.  PWA does not sell to the general public.  *Id.*

For many years prior to the acts giving rise to this lawsuit, ATF reviewed and approved "Form 6" applications permitting PWA and other FFLs to import 7N6 ammunition, including in 2012.  *See* Dkt. #1 at 8 ¶32.  Each time a shipment of 7N6 ammunition was imported, PWA was required to file a second importation application, the "Form 6A," that ATF reviewed, approved and maintained in its records, to obtain release of the ammunition for wholesale.  *See, e.g.,* Decl. of William E. Majors ("Majors Decl.") at 7 ¶32 (Dkt. #11), AR11 (Dkt. #12); 27 C.F.R. § 447.45 ("In obtaining the release from Customs custody of an article imported pursuant to a permit, the

---

the projectile core is made "entirely" of an armor piercing metal.  This distinction will be fully explained in PWA's forthcoming APA motion for partial summary judgment.

[2] To the extent PWA's original complaint, which alleges tortious acts and omissions by ATF through negligence and wrongful actions, requires amendment, PWA requests leave to amend under Fed. R. Civ. P. 15(a)(2).

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 2

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

permit holder will prepare and file Form 6A according to its instructions").[3]

The FTCA claim in this lawsuit arises from ATF's review and approval in 2013 and 2014 of a series of three "Form 6" applications permitting PWA to import 50 million rounds of 7N6 ammunition in each instance.  *See* Dkt. #1 at ¶¶36-38.  Based upon these permits, PWA in 2013 had purchased 50 million 7N6 rounds from Sabine Schneider Waffen and Munition, a German exporter, and set about arranging a series of importation shipments. *See id.*, ¶39.  Throughout 2013, ATF authorized, through multiple Forms 6 and 6A, PWA's importation and wholesale of nearly 38 million of the 7N6 rounds PWA purchased from Sabine Schneider.  Approximately 12 million rounds remained for importation from PWA's 7N6 purchase.

Prior to PWA's 2013 and 2014 permit applications to wholesale 50 million 7N6 rounds, however, ATF had knowledge of two circumstances mandating that, in ATF's words, "the ammunition is classified as 'armor piercing ammunition' per 18 U.S.C. § 921(a)(17)(B)(i)," and unlawful to import for wholesale.  *See* Complaint, Dkt. #1 at 11 ¶47.  First, ATF knew that the 7N6 projectile contained a steel insert and that 18 U.S.C. § 921(a)(17)(B)(i) defined "armor piercing ammunition" as "a projectile or projectile core which may be used in a handgun and which is constructed entirely (excluding the presence of traces of other substances) from or a combination of . . . steel . . . ." *Id.* at 8 ¶33.  Second, ATF had unique knowledge, unknown to PWA and the industry, that 7N6 "could be used in a commercially available handgun, the Fabryka Bronie Radom, Model Onyks 89S, 5.45x39 caliber semi-automatic pistol, which was approved for importation into the United States in November 2011."[4]  *Id* at 13 ¶53.

---

[3] Through review of the Form 6A, ATF again learns the importer's identity, "manufacturer of the defense article," "country of manufacture," type of ammunition, model, "caliber, gauge, or size," and quantity.  *See* 27 C.F.R. § 447.45(a)(2)(i)-(viii).  Among many items requiring discovery, PWA will request ATF to produce Forms 6 and 6A for 7N6 ammunition from *other* licensed importers prior to the actions underlying this lawsuit to prove ATF's knowledge of the characteristics of this ammunition relevant to the statutory definition of "armor piercing."

[4] Under these circumstances, PWA objects to the heavy-handed and irrelevant references to "criminal penalties" in the government's supporting Declaration of William E. Majors for "materially misleading statements or omissions," including the misplaced blame Mr. Majors places on PWA for not circling the term "AP" on PWA's 2013 and 2014 permit applications for 7N6 ammunition that only ATF had knowledge to believe was armor piercing under the GCA (and that ATF only subsequently announced in its April 7, 2014 "special advisory").  *See* Majors Decl. at 2 ¶9, 4 ¶21, and 8 ¶40.

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 3

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

Despite ATF's 2011 approval of the "Fabryka Bronie Radom, Model Onyx 89S" for importation (again, without PWA's knowledge) to the United States, and preexisting knowledge that 7N6 contained a steel insert, ATF rubber-stamped without due care PWA's importation permit applications referenced above under Permit Nos. 13-00760 (Feb. 5, 2013), 13-01216 (Feb. 15, 2013), and 14-00996 (Feb. 21, 2014) for "armor piercing ammunition" that PWA could not lawfully wholesale in the United States. *See* Dkt. #1 at 9 ¶¶36-39, 13 ¶57.

## III.    ARGUMENT AND AUTHORITY

The government's four arguments for dismissal under Federal Rule of Civil Procedure 12(b)(1) lack merit and incorrectly read the FTCA out of existence, contrary to Congressional intent to provide this remedy to citizens harmed by the government's tortious actions. *See Feres v. United States*, 340 U.S. 135, 139, 71 S. Ct. 153, 95 L. Ed. 152 (1950) (FTCA "should be construed to fit, so far as will comport with its words, into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole. The Tort Claims Act was not an isolated and spontaneous flash of congressional generosity. It marks the culmination of a long effort to mitigate unjust consequences of sovereign immunity from suit").

Given the GCA's non-discretionary prohibition of importation and sale of armor piercing ammunition, subject matter jurisdiction for ATF's negligent review and issuance of PWA's importation permits for 7N6 ammunition ATF knew to be "armor piercing" exists under 28 U.S.C. §§ 2671, 2674 and 1346(b)(1).  Accordingly, the Court should deny the government's motion.

**A.    PWA's FTCA Claim Is Rooted In Common Law Negligence And Precedent.**

The FTCA authorizes an injured party to bring a claim for damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The FTCA imposes tort liability on the United States under "the law of the place where the act or omission

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FTCA CLAIM - 4

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

complained of occurred . . . in the same manner and to the same extent as a private individual under like circumstances."[5]  28 U.S.C. § 2674.

The Supreme Court holds that the FTCA's phrase "like circumstances" does not restrict a court's inquiry to the same circumstances: rather, a court looks to merely analogous relationships and duties under state tort law.  *United States v. Olson*, 546 U.S. 43, 46-47, 126 S. Ct. 510, 163 L. Ed. 2d 306 (2005) (accepting the government's concession that a private person analogy existed for duty of federal inspectors to non-negligently inspect mines); *see also Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081, 1084 (11th Cir. 2004) (for FTCA liability, the "comparison of activities need not be exact") (internal quotation marks omitted).  Contrary to this controlling precedent, the government's motion would require an exact tort analog mirroring PWA's claim that ATF negligently reviewed and approved its 7N6 importation permits.  *See* Motion at 9.  The common law tort comparisons discussed below, when read with PWA's complaint allegations (*see*, e.g., Dkt. #1 at 19 ¶¶78-88), however, satisfy the FTCA's actual standard.  Also contrary to controlling precedent, the government seeks to immunize ATF for any negligent act or omission, simply because ATF performs an "exclusive" function of the federal government.  Again, the government would read the FTCA out of existence: "it might be arguable that the United States could not be liable under the FTCA for negligence in performing 'uniquely governmental' functions—such as regulation of flight—because there is no identical private activity for purposes of comparison. This position was long ago rejected by the Supreme Court, however.  *See Indian Towing Co. v. United States*, 350 U.S. 61, 76 S. Ct. 122, 100 L. Ed. 48 (1955)."  *Howell v. United States*, 932 F.2d 915, 918 (11th Cir. 1991)

---

[5] Citing no authority and the mere fact that ATF is headquartered in Washington, D.C., the government's motion asserts that the tort law of the District of Columbia "should apply" regarding tort analogies to PWA's FTCA claim. *See* Motion at 10 n.5. On information and belief, ATF negligently reviewed and approved PWA's permits at its Martinsburg, West Virginia offices, where Firearms & Explosives Imports Branch Chief William E. Majors signed his supporting declaration.  West Virginia tort law appears controlling, although PWA's participation in the importation application process through Forms 6 and 6A arguably require application of Washington law. Regardless, PWA is unaware of significant common law differences regarding its FTCA claim theories, and the Supreme Court's holding in *Olson* does not require the level of precision urged by the government for comparisons.

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 5

ATF's tortious conduct against PWA is rooted in common law negligence and related tort claims that find support in FTCA precedent.  A negligence claim requires a plaintiff to show three elements: (1) a duty which the defendant owes the plaintiff; (2) a negligent breach of that duty; and (3) injuries resulting proximately from the breach of that duty. *See Webb v. Brown & Williamson Tobacco Co.*, 121 W.Va. 115, 2 S.E.2d 898, 899 (W.Va. 1939).  As alleged in the complaint, ATF owed PWA a duty to exercise ordinary and reasonable care in reviewing and approving ammunition importation applications and issuing permits.[6]  *See* Dkt. #1 at 19 ¶79. The government does not, and cannot, credibly assert otherwise.  ATF breached this duty by failing to exercise ordinary care in reviewing and approving PWA's applications for Permit Nos. 13-00760, 13-01216 and 14-00996 for the importation of 7N6.  *Id.* at 20 ¶81.  This is because ATF already knew 7N6 contained a "steel core" and had approved in 2011 a handgun that could use 7N6.  *See id.*, ¶¶ 81-83.  In ATF's words, the 7N6 ammunition PWA sought to import was "'armor piercing ammunition' per 18 U.S.C. § 921(a)(17)(B)(i)," and ATF had a mandatory statutory duty to deny the permits, which would have prevented PWA from suffering the proximately caused damages.  *See* Dkt. #1 at 11 ¶47.  Instead, ATF rubber-stamped PWA's applications despite the agency's knowledge of the ammunition's "steel core" and 2011 handgun approval, resulting in PWA's purchase and importation of ammunition that was unlawful to wholesale and the subsequent damages PWA suffered.

PWA's FTCA claim is analogous to the negligence theory upheld in *Appleton v. United States*, 69 F. Supp. 2d 83 (D.D.C. 1999) (*Appleton I*), a precursor to the *Appleton IV* decision cited by the government.  *See* Motion at 11 n.7.[7]  In the Memorandum Opinion by District Judge

---

[6] ATF's duty to apply the GCA in its permit reviews may also be compared to gatekeeper liability and professional liability standards, e.g., the duty of an accountant retained by a private party to act with reasonable care under common law tort standards in handling accounting and tax matters, a pharmacist's duty to dispense a controlled substance per a prescribing physician's prescription, or an attorney's duty of due care in conducting an internal investigation that may be subject to fraud reporting standards, such as to comply with the Sarbanes-Oxley Act (18 U.S.C. § 1514A (2010)).

[7] While a Magistrate Judge ultimately dismissed the claim in *Appleton IV*, 180 F. Supp. 2d 177 (D.D.C. 2002), this occurred only after District Judge Urbina ordered discovery and a trial on the merits.  Regardless, the Magistrate Judge's ruling is not controlling authority, and PWA asserts that District Judge Urbina's memorandum opinion,

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 6

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

Ricardo Urbina, the *Appleton I* court denied the government's motion to dismiss the plaintiff FFL's FTCA claim for ATF's negligence, based on ATF's failure to use due care in processing and approving an ammunition importation permit application.  *Appleton I*, 69 F. Supp. 2d at 96-98.  The court found a sufficient analogy under *Beard v. Goodyear*, 587 A.2d 195 (D.C. 1991), a common law tort action in which retailers sued to recover funds charged to credit cards Beard alleged had been negligently issued to his ex-girlfriend by the defendant credit card companies. *Appleton*, 69 F. Supp. 2d at 96-97.  Although ATF's negligence in reviewing and approving PWA's permit applications is significantly greater than in *Appleton*, given its preexisting knowledge of 7N6 ammunition and the Fabryka handgun, the court's analysis is equally applicable: "To conclude that ATF did not act negligently in approving Mr. Appleton's permits, this court needs some logical reason why the applications were approved. The Government's conclusory assertion that the permits were approved because Mr. Appleton put down 'State Arsenal' as the manufacturer does not sufficiently illuminate the issue." *Id.* at 97.

The simple negligence alleged by PWA is analogous to FTCA claims that have been approved by the Supreme Court.  For example, in *Block v. Neal*, 460 U.S. 289, 103 S. Ct. 1089, 75 L. Ed. 2d 67 (1983), the Farmers Home Administration (FmHA) approved a loan to the plaintiff to build a house.  The loan agreement gave the FmHA the right to approve plans and inspect the home during construction.  After discovery of defects in the completed home, the plaintiff sought funds from the FmHA for repair, which the FmHA refused to provide.  The plaintiff' filed a FTCA suit, alleging negligent inspection by the FmHA, was dismissed by District Court under the "misrepresentation" exception to FTCA liability.  The Court of Appeals reversed and the Supreme Court affirmed the Court of Appeals' reasoning that the plaintiff had properly alleged an actionable FTCA claim based upon FmHA's negligent supervision of the construction of the house, and "the officials fail[ure] to use due care in carrying out their supervisory activity." *Id.* at 297.

---

when read with plain language of the FTCA and controlling authority, correctly upheld the plaintiff's negligence theory against ATF as a cognizable FTCA tort analogue.

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

1

2    Additional federal precedent widely supports PWA's negligence theory.  For example, in

3    *Lyttle v. United States*, 867 F. Supp. 2d 1256, 1300 (M.D. Ga. 2012), the court denied the

4    government's Rule 12(b)(1) motion to dismiss the plaintiff's FTCA claim, where the plaintiff

5    relied on a common law negligence theory to allege that the "'ICE Defendants breached their

6    duty of reasonable care by negligently acting or failing to act in such a way that resulted in Mr.

7    Lyttle's wrongful detention and deportation by ICE . . . .'"  *Id.* at 1301 (quoting plaintiff's

8    complaint).  The *Lyttle* court found that the plaintiff's specific allegations, including "that the

9    Defendants were negligent in performing their duties by: failing to review available

10   documentation of Lyttle's citizenship" and "failing to investigate Lyttle's claims of being born in

11   the United States" supported "a general negligence claim for arrest and confinement under

12   Georgia law."  *Id.*

13        Likewise, in *Coastwise Packet Co. v. Unites States*, 398 F.2d 77 (1st Cir. 1968), *cert*

14   *den'd*, 393 U.S. 937, the Court of Appeals held that the Coast Guard's delay in issuing a

15   certificate of inspection that was required before the plaintiff's schooner could carry passengers

16   was actionable negligence; on a motion for summary judgment, however, the plaintiff's claim

17   was not maintainable because the Coast Guard's delay was attributable to a discretionary

18   function not existing in the present case: "Plaintiff's is not a case where there was a single,

19   known, objective standard which, because of administrative negligence, the Coast Guard failed

20   to apply. In such an area there might be questions."  *Id.* at 79.  By contrast, ATF had a single,

21   known, objective standard, 18 U.S.C. § 921(a)(17)(B)(i), which it negligently failed to apply in

22   reviewing and issuing PWA's importation permits.

23        In *Duncan v. United States*, 355 F. Supp. 1167, 1170 (D.D.C. 1973), the court denied the

24   government's motion to dismiss an airline pilot's FTCA action seeking damages for the

25   negligence of the Federal Aviation Administration (FAA) in twice revoking his airman's

26   certificate, which was subsequently restored by the National Transportation Safety Board:

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 8

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

"Since an applicant is entitled to a certificate if he qualifies under the regulations (14 C.F.R. 67.11), application of that policy to the individual case is an administrative decision at the operational level which if negligently done will make the government liable." *Id.* at 1170.[8] Although PWA does not allege that ATF was negligent in revoking its permits, the fact pattern in *Duncan* shows the viability of the simple tort analog PWA relies upon for its FTCA claim – negligent review and approval of importation permits.

In *Brandt v. Dep't of Veterans Affairs*, 99-197-B 2000 WL 1879806, at *8 (D. Me. Dec. 22, 2000), the District Court denied the government summary judgment on the plaintiff's FTCA claim based on a hospital's negligent credentialing of an unqualified doctor to supervise operating room procedures. Significantly, West Virginia precedent also recognizes this analogous tort of negligent credentialing. *See Roberts v. Stevens Clinic Hosp., Inc.*, 176 W. Va. 492, 499, 345 S.E.2d 791, 798 (1986). The viable FTCA tort theory *Brandt* is comparable to PWA's claims against ATF; after reviewing all necessary facts, the government negligently failed to comply with mandatory duties owed to the plaintiff.[9]

Conversely, in weighing the FTCA's "due care" exception, courts have held that where a statute requires an action to be taken, and "where the government official acts in a reasonable way, i.e., not negligently, in carrying out the requirements of a statute or regulation, sovereign immunity lies." *Watson v. United States*, No. 14-CV-6459, 2016 WL 748489, at *14 (E.D.N.Y. Feb. 25, 2016) (citations omitted). Again, ATF was mandated by 18 U.S.C. § 921(a)(17)(B)(i) to deny PWA's importation permits because ATF had determined 7N6 ammunition had a "steel core" and ATF had approved a Fabryka handgun in 2011 that could use it. By rubber-stamping PWA's permits despite this knowledge, ATF acted with common law negligence and is liable under the FTCA.

---

[8] *See also Hendry v. United States*, 418 F.2d 774 (2nd Cir. 1969) (ship's master plaintiff not precluded by "discretionary function" exception from maintaining FTCA suit for decisions of Coast Guard doctors in erroneously revoking his master's license).

[9] For a particularly lucid application of state negligence analogs in the FTCA context, *see also Coffey v. United States*, 870 F. Supp. 2d 1202, 1235-51 (D. N.M. 2012) (denying dismissal of FTCA claim based upon negligent screening and transfer of inmate by Bureau of Indian Affairs).

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 9

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

Briefly, none of the authority cited by the government justifies Rule 12(b)(1) dismissal. To the contrary, *Jachetta v. United States*, 653 F.3d 898 (9th Cir. 2011) dismissed only the plaintiff's constitutional torts (which PWA does not allege) while common law tort analogs supported FTCA liability. Likewise, *Meyer v. F.D.I.C.*, 510 U.S. 471, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994) is distinguishable because it involved constitutional torts not alleged by PWA. *Love v. United States*, 60 F.3d 642 (9th Cir. 1995) held that the plaintiff farmers' FTCA claim regarding the government's liquidation of their livestock and equipment after default on an agricultural loan was supported by a tort comparison to conversion, although they lacked facts sufficient to prevail under that theory. And the government's citations to cases dealing with "good Samaritan" tort analogies (*Dorking Genetics v. United States*, 76 F.3d 1261 (2nd Cir. 1996) and *Geo. Byers Sons, Inc. v. East Europe Import Export, Inc.*, 463 F. Supp. 135 (D. Md. 1979)) are inapplicable to PWA's negligence claim, because it is undisputed that ATF owed PWA a duty of reasonable care in reviewing PWA's importation applications.

As illustrated by these cases, PWA's complaint states a viable FTCA claim analogous to common law negligence torts. Thus, this Court has FTCA subject matter jurisdiction.

**B.    ATF's Negligent Review And Approval Of PWA's Applications To Import "Armor Piercing" Ammunition Does Not Qualify For the Discretionary Function Exemption.**

The government's invocation of the "discretionary function" exception to FTCA liability under 28 U.S.C. 2680(a) widely misses the mark. The government concedes, as it must, that this exception applies only to "discretionary governmental actions and decisions grounded in considerations of public policy." *See* Motion at 12. Thus, when the government acts negligently over a period of several years, the discretionary function exception has been held not to apply. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). Yet the Supreme Court precedent cited by the  government for the controlling two-tier analysis, *United States v. Gaubert*, 499 U.S. 315, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991), unequivocally lays the groundwork for the viability of PWA's FTCA claim: "The requirement of judgment or choice is not satisfied if a 'federal

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FTCA CLAIM - 10

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

statute, regulation, or policy specifically prescribes a course of action for an employee to follow,'

because 'the employee has no rightful option but to adhere to the directive.'" *Id.* at 322.

Under the statutory mandate of 18 U.S.C. § 921(a)(17)(B)(i), Congress specifically banned "armor piercing" ammunition as defined. The mandate of the Law Enforcement Officers Protection Act of 1986 (LEOPA) amendment of the GCA banning "armor piercing" ammunition has never been "susceptible" to a policy analysis,[10] as referenced in *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002), cited by the government. *See* Motion at 13. Thus, ATF had no discretion to approve or issue PWA's 2013 and 2014 importation permits for 7N6 ammunition, as indicated by its own description: "the ammunition is classified as 'armor piercing ammunition' per 18 U.S.C. § 921(a)(17)(B)(i)." *See* Complaint, Dkt. #1 at 11 ¶47. Although the government asserts ATF may determine the manner in which it executes delegated authority, there is no authority suggesting an agency may disobey Congressional legislation, at an operational level or otherwise. If ATF actually had exercised "discretion" to authorize 7N6 importation permits, as implied by the statement of Mr. Majors that "ATF as a matter of policy and industry experience does not consider there to be a difference between partial and full steel core," ATF would have usurped a Congressional act and violated the separation of powers. *See* Majors Decl. at 4-5 ¶22. Therefore, it is irrelevant how many times the government repetitiously and self-servingly labels the negligent acts that harmed PWA as "discretionary."[11]

Comparable to the viable FTCA claim in *Hoffman v. United States*, 398 F. Supp. 530 (E.D. Mich. 1975) involving the crash of an air taxi caused by the FAA's allegedly negligent issuance

---

[10] The applicability of the discretionary function exception to immunize a governmental decision that is "susceptible" to a policy analysis was recently criticized in a recent Ninth Circuit opinion by the concurring and dissenting judges. *See Chadd v. United States*, ___ F.3d ___, 2015 WL 4509174 (9th Cir., July 27, 2015) ("I agree with Judge Kleinfeld, however, that our jurisprudence in this area has gone off the rails," Berzon, C.J., concurring; "In this case, we have allowed the discretionary function exception to swallow the statutory rule that the federal government waives its sovereign immunity for torts for which an ordinary person would be liable," Kleinfeld, Sr. CJ, dissenting).

[11] By our count: <u>sixty-three</u> references to "discretion" or "discretionary" in the government's motion; <u>seven</u> references to "discretion" in the supporting Declaration of William Majors. To paraphrase Franklin D. Roosevelt, such repetition does not transform this mere rhetoric into a truth.

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FTCA CLAIM - 11

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

of an operator's certificate, the discretionary function analysis does not apply to PWA's claim that ATF negligently rubber-stamped its importation permits:

> **While the court believes that the granting or denial of a license or certificate usually entails some amount of discretion, this is not necessarily so in all cases, particularly with regard to an initial determination of eligibility.**  The regulation involved here, 14 CFR 135.15, presents clear standards to be applied to fact situations in order to determine basic eligibility.  Application of this regulation is done after the planning, or discretionary, stage— at the operational level.  A claim of negligence in the application of this regulation does not involve a discretionary function.  In fact, the very terms of the regulation connote a lack of discretion: 'To be eligible for an ATCO certificate . . . a person must' (emphasis added) meet a readily ascertainable standard; he must hold CAB economic authority.  **Negligence in the application of this regulation would render the government liable.**

*Hoffman*, 398 F. Supp. at 539 (emphasis added).[12]

Significant distinctions abound in other cases cited by the government, and none justify Rule 12(b)(1) dismissal of PWA's FTCA claim.  For example, in *General Dynamics Corp. v. United States*, 139 F.3d 1280 (9th Cir. 1998), the Court of Appeals held the discretionary function exception applied where the source of the plaintiff defense contractor's harm was an inherently discretionary prosecution, versus the allegedly negligent audit report that precipitated it.  By contrast, PWA's harm arose from ATF's negligent review and approval of a series of importation permits for 7N6 ammunition that in ATF's words was "classified as 'armor piercing ammunition' per 18 U.S.C. § 921(a)(17(B)(i))," and thus illegal to import or wholesale.  *See* Complaint, Dkt. #1 at 11 ¶47.  ATF had no decision to make when it received PWA's Form 6 applications in 2013 and 2014 for importation of 7N6 ammunition: ATF already knew the ammunition was "armor piercing" under the GCA, therefore no permit could be lawfully issued.

Likewise, the government's belabored discussion whether an agency's decision is "inconsistent with the purpose" of Congressional act or involves "significant policy considerations," misses the point.  *See* Motion at 16-20.  The armor-piercing ammunition prohibition of the GCA, as amended by the LEOPA, did not vest ATF with any discretion to weigh

---

[12] *Hoffman* is cited with approval in *Appleton I, supra.  See Appleton I*, 69 F. Supp. 2d at 93.

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FTCA CLAIM - 12

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

1   whether importation of 7N6 ammunition was consistent with Congressional intent.  Thus, the

2   government's citation of *United States v. Varig Airlines*, 467 U.S. 797, 104 S. Ct. 2755, 81 L. Ed.

3   2d 660 (1984), which involved a commercial aircraft owner's unsuccessful FTCA claim against

4   the FAA for negligent approval of self-certifications for safety inspections, is inapposite.  *Varig*

5   involved regulations promulgated by the FAA, not a federal statute enacted by Congress.  The duty

6   to comply with these FAA regulations fell upon the commercial airline, not the agency.  In the

7   present case, ATF possessed all of the facts necessary to follow the GCA's mandate and deny

8   PWA's 7N6 permit applications: ATF knew 7N6 ammunition contained a "steel core" and it knew

9   that it had approved the Fabryka handgun in 2011 that could use 7N6 ammunition: therefore the

10  GCA prohibited importation, and ATF acted negligently in rubber-stamping PWA's applications.

11

12  **C.    ATF's Negligent Review And Approval Of PWA's Applications To Import "Armor Piercing" Ammunition Does Not Qualify For the Detained Goods Exemption.**

13          PWA's FTCA claim does not arise from the "detention of any goods," within the meaning

14  of 28 U.S.C. 2680(c).  The government is not detaining PWA's goods, and PWA's complaint does

15  not allege or premise the government's liability on detention of goods.  Instead, PWA maintains

16  possession of the 7N6 ammunition in a Free Trade Zone in Nevada and in commercial storage in

17  Germany.  *See* Dkt. #1 at 11 ¶¶49-50.  References in the complaint to interference with chattels

18  apply only to secondary tort analogies and do not provide a basis for Rule 12(b)(1) dismissal.

19  Under the GCA, and accepting ATF's special advisory (dkt. #1 at 12 ¶53) as true, 7N6 is "armor

20  piercing" and has been illegal to sell or distribute since ATF approved the Fabryka handgun in

21  2011, well before ATF negligently reviewed and approved PWA's permits in 2013 and 2014.

22          The cases cited by the government also do not support application of the detained goods

23  exception to PWA's FTCA claim for negligent review and issuance of permits, as they generally

24  involve the government damaging a private party's goods in its possession.  *See Foster v. United

25  States*, 522 F.3d 1071 (9th Cir. 2008) (physical damage to detained goods); *Kosak v. United States*,

26  465 U.S. 848, 104 S. Ct. 1519, 79 L. Ed. 2d (1984) (physical damage to art collection).  This is

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 13

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

because the detained goods exception is intended to preserve governmental immunity from bailor liability.  *See Foster*, 522 F.3d at 1074 (applying detained goods exception to "a claim resulting from negligent handling or storage of detained property").

*Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994) is distinguishable because it involved a claim of tortious theory of outrage that was dismissed because the wrongful act that caused the plaintiff's emotional distress was the seizure of an aircraft itself:  "The Gashos cannot base their emotional distress claim on the seizure, even if it was without probable cause."  *Id.* at 1433.  In another aircraft case primarily involving a claim for unconstitutional forfeiture under the Tucker Act, 28 U.S.C. § 1491, the Court of Appeals affirmed the trial court's refusal to allow a party to amend a counterclaim to add a FTCA cause of action under an analogous theory of negligent seizure.  *Lockheed L-188 Aircraft*, 656 F.2d 390, 397 (9th Cir. 1979).  *Lockheed* is distinguishable for a variety of reasons, including that the cases relied upon to affirm dismissal under the detained goods exception all involved property that was damaged while in the custody of the government or its agents.  *See id.*  PWA's complaint presents no such claim and instead is premised on ATF's negligent review and issuance of a series of 7N6 importation permits in 2013 and 2014.

### D.   PWA's FTCA Claim Does Not Constitute A Claim For An Intentional Tort Or Interference With Contract Rights.

The government concludes the scattershot of theories in its motion with a cursory argument that PWA's FTCA claim should be dismissed under Rule 12(b)(1) because PWA's claim really constitutes an intentional tort or interference with contract rights, both of which are not cognizable under the FTCA.  *See* Motion at 22 (citing 28 U.S.C. § 2680(h)).  While FTCA precedent encourages a court to review the essence of a plaintiff's allegations of tortious conduct by the government, there is nothing in PWA's complaint—expressly or between the lines—to support the government's argument.  PWA does not allege breach of a contractual promise by the government or any other entity.

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

The government nevertheless draws a strained analogy to *Endicott v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 338 F. Supp. 1183 (W.D. Wash. 2004), which involved ATF's raid of the plaintiff's home after a year-long investigation and seizure of 100,000 rounds of ammunition. After the plaintiff pled guilty to firearm offenses, he sued the government for, among other things, causing a shipment of goods to be returned, which incurred shipping and restocking charges: "Plaintiffs allege that the ATF agents caused a delivery to be returned to the shipper, resulting in return shipping and restocking charges to plaintiffs. The Court finds that that allegation involves defendant's interference with plaintiffs' order, or 'contract,' with the shipper, and is therefore, prohibited by the § 2680(h) exception to the FTCA." *Id.* at 1187 (docket citation omitted). By contrast, PWA's complaint contains no allegation, express or implied, that ATF's negligent review and approval of its 7N6 importation permits interfered with PWA's contract rights vis-à-vis its German supplier, Sabine Schneider.

Lastly, to the extent such an allegation could be imagined, precedent holds that the mere possibility of contract claim does not convert a tortious FTCA claim into one sounding in contract and requiring dismissal:

> Aleutco's complaint is a sufficient statement of a cause in tort for conversion, and it would seem that Aleutco could have equally well made out a complaint for breach of contract. *See* 3 Williston on Sales § 595 (Rev.Ed.1948). Aleutco has chosen to prosecute its action on the basis of tort in the District Court. That it failed to avail itself of an action in the Court of Claims is not a valid jurisdictional objection. So long as immunity of the United States to suit depended upon the distinction between tort and contract, the Supreme Court was careful to preserve the distinction.

*Aleutco Corp. v. United States*, 244 F.2d 674, 678-79 (3d Cir. 1957) (citing the legislative intent of the government's "waiver of immunity" under the FTCA)[13]; *see also Walsh v. United States*, 672 F.2d 746, 750 (9th Cir. 1982) (citing *Aleutco*). PWA's FTCA claim essentially sounds in tort, not contract.

---

[13] The Ninth Circuit Court of Appeals cited the *Aleutco* holding repeatedly with approval in *Love*, *supra*. *See Love*, 915 F.2d at 1246-47.

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FTCA CLAIM - 15

## IV.   CONCLUSION

The government has failed to show that it is entitled to Rule 12(b)(1) dismissal of PWA's FTCA claim at this very early stage of the litigation.  Accordingly, the Court should deny the government's motion so that the parties may conduct discovery necessary to a fair and just adjudication of PWA's claim.

Respectfully submitted,


DATED this 14th day of March, 2016.

**McKAY CHADWELL, PLLC**


By s/ *Robert G. Chadwell*
By s/ *Patrick J. Preston*
By s/ *Thomas M. Brennan*
Robert G. Chadwell, WSBA No. 22683
Patrick J. Preston, WSBA No. 24361
Thomas M. Brennan, WSBA No. 30662
Attorneys for Plaintiff P.W. Arms, Inc.
600 University Street, Suite 1601
Seattle, WA  98101-4124
Phone: (206) 233-2800
Fax:    (206) 233-2809
Email: rgc1@mckay-chadwell.com
        pjp@mckay-chadwell.com
        tmb@mckay-chadwell.com

PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED
STATES OF AMERICA'S MOTION TO DISMISS FTCA
CLAIM - 16