Judge John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P.W. ARMS, INC., a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA and the BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, a Federal Agency,<br><br>　　　　　　　　Defendants. | CASE NO. 15-cv-01990<br><br>DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)<br><br>Noted for Consideration on: March 18, 2016 |

COME NOW the defendants United States of America and Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively "Defendants" or "Government"), by and through their attorneys, Annette L. Hayes, United States Attorney for the Western District of Washington, and Jessica M. Andrade, Assistant United States Attorney, and hereby respectfully submit their Reply in Support of Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1).

I. **INTRODUCTION**

P.W. Arms, Inc.'s ("Plaintiff") opposition to the Government's Motion to Dismiss does not present law or facts sufficient to show that this Court has subject matter jurisdiction over its Federal Tort Claims Act ("FTCA") claim. First, Plaintiff fails to identify a private tort analogue under

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 1
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

relevant state law that would place its claim within the FTCA's waiver of sovereign immunity. Second, with regard to the discretionary function exception to jurisdiction, Plaintiff fails to propound any controverting evidence to that supplied by Defendants in support of their Rule 12(b)(1) factual challenge to jurisdiction. This failure alone is dispositive to Plaintiff's argument. In addition, Plaintiff's attempt to avoid the discretionary function exception by focusing solely on the Gun Control Act of 1968's ("GCA") armor piercing rule as a mandatory standard ignores the discretionary nature of the procedures and decisions which make up ATF's review of Form 6 import process. Third, Plaintiff ignores clear Supreme Court and Ninth Circuit precedent that requires the "detention of goods" exception to be interpreted broadly to prohibit claims such as those brought by Plaintiff here. Fourth, Plaintiff misinterprets the intentional tort exception as barring contract claims, not tortious "interference with contract" claims. While Defendants agree that Plaintiff does not bring a contract claim here, the face of Plaintiff's Complaint implicates a claim of interference with contract, sovereign immunity to which is not waived by the FTCA. Defendants respectfully submit that Plaintiff's second claim for relief must be dismissed for lack of subject matter jurisdiction.

## II. ARGUMENT

### A. Plaintiff's FTCA Claim Should Be Dismissed Because Plaintiff Has Failed to Point to Any Private Tort Analogue Under Any Relevant State Law.

Plaintiff's Opposition points to no analogous situation in which a private party similar to ATF would be held liable to a party such as Plaintiff. The burden to show such an analogy under state law is Plaintiff's to bear, and thus this failure is fatal to Plaintiff's FTCA claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L. Ed. 2d 391 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Plaintiff's Opposition reiterates that in order for this Court to have jurisdiction over Plaintiff's claim, there must be "like circumstances" or "analogous relationships and duties" where ATF would be liable under state tort law. Opp. at 4-5 (Dkt. No. 15). Plaintiff's Opposition does not point to any state case law—whether West Virginia,

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 2
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington, District of Columbia, or otherwise[1]—providing an analogous situation where an individual or entity has been held liable for "negligent approval" of import of goods.

Instead, Plaintiff argues that West Virginia's general negligence rule is a sufficient analogue to the situation at hand. Opp. at 6. The general negligence rule of West Virginia (or Washington, or District of Columbia) law does not serve to establish an "analogous relationship and duty" for purposes of FTCA liability. While it is true the "comparison of activities need not be exact," there must be *some* analogy to show a relationship similar to that between ATF and Plaintiff here where a corresponding duty and liability would arise on the part of a private person or entity under state law. *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) ("[T]he FTCA applies only if there is a 'persuasive analogy with private conduct.'" (quoting *Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538, 543 (9th Cir. 1987)); *Bush v. Eagle–Picher Indus, Inc.*, 927 F.2d 445, 452 (9th Cir.1991) (describing the "like circumstances" test as asking a court to analogize to a hypothetical private party that is most reasonably analogous to the United States). Thus when Plaintiff presumptively argues that "ATF owed PWA a duty" and then breached that duty under West Virginia's general negligence law (Opp. at 6), Plaintiff misses the point. Plaintiff must show an analogous situation under state law where a private actor would owe a duty and be liable in a similar context. Plaintiff's reference to general negligence principles, without applying such principles to a "like circumstance" or "analogous relationship and duty," does not satisfy this requirement.

Conversely, the plaintiffs in several of the cases cited by Plaintiff actually *did* identify private tort analogues under state law, beyond general negligence, thus demonstrating how the "like circumstances" test works. In *Lyttle v. United States*, 867 F. Supp. 2d 1256 (M.D. Ga. 2012), plaintiff sued the United States for wrongful detention and deportation. Plaintiffs suggested, and the Court found, that the federal defendants, if private actors, would have been liable for similar

---

[1] Plaintiff's Opposition states that "West Virginia tort law appears controlling, although PWA's participation in the importation application process through Forms 6 and 6A arguably require application of Washington law." Opp. at 5, n.5. Plaintiff cannot and has not presented a private tort analogue under the law of *any* relevant jurisdiction, whether West Virginia, Washington, or the District of Columbia.

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 3
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

activities under Georgia case law finding police officers liable in tort for false arrest, or the Georgia common law tort of negligent infliction of emotional distress. *Lyttle*, 867. F. Supp. 2d at 1301.  In *Brandt v. United States*, 99-197-B, 2000 WL 1879806 (D. Me. Dec. 22, 2000), plaintiffs accused a Veteran's Administration hospital of negligently credentialing a physician. The court denied a motion to dismiss premised upon the private tort analogue exception, noting that Maine indeed had an analogous private tort of negligent credentialing of physicians. *Id.* at *7-*8.[2]  None of the cases cited by Plaintiff appear to rely on general negligence principles for a private analogue such as Plaintiff attempts to do here.[3]

This is true even for *Block v. Neal*, 460 U.S. 289, 103 S. Ct. 1089, 75 L. Ed. 2d 67 (1983), the case Plaintiff argues shows an approval of a "simple negligence" theory as a proper private tort analogue.  In *Block*, the Supreme Court specifically stated that its review was limited to whether the plaintiff's claim could survive the FTCA's "misrepresentation" exception, and that the Court need not decide "what [plaintiff] must prove in order to prevail on her negligence claim, nor whether such a claim lies." *Id.* at 294.  Though the Sixth Circuit had identified an analogue in the common law tort "Good Samaritan" doctrine, but stopped short of finding that Tennessee law would have recognized such a tort, the Supreme Court did not reach the issue since it had not been raised on appeal. *Id.* at 294, n.3.  Contrary to Plaintiff's representations, *Block* does not stand for the proposition that the Supreme Court has recognized a general negligence theory, without case law

---

[2]  Notably, Plaintiff indicates that West Virginia, like Maine in the *Brandt* case, has a tort of negligent credentialing of physicians. Opp. at 9.  This is the only one of Plaintiff's federal case examples for which Plaintiff notes analogous state law in a jurisdiction relevant to this case.  Regardless, the relationship of Plaintiff as an importer to the government as a customs regulator is distinguishable from that of a hospital to its patients, and is certainly not an analogy that has been found compelling by any court considering the private analogue exception's application to a customs situation. *See, e.g.*, *Dorking Genetics v. United* States, 76 F.3d 1261, 1266 (2nd Cir. 1996) (dismissing negligence claim related to importation of cattle); *Geo. Byers Sons, Inc. v. East Europe Import Export, Inc.*, 463 F.Supp. 135, 137-38 (D.Md. 1979) (dismissing negligence claim relating to importation of motorcycle).

[3]  The other federal cases cited by Plaintiff are distinguishable.  In *Coastwise Packet Co. v. United States*, 398 F.2d 77 (1st Cir. 1968) and *Duncan v. United States*, 355 F.Supp. 1167 (D.D.C. 1973), both courts were discussing the FTCA's discretionary function, *not* its private analogue, exception. Accordingly, those cases do *not* stand for the proposition that a private tort analogue exists in this case.

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 4
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

presenting an analogy, as an appropriate private tort analogue. Indeed, acceptance of Plaintiff's position would nullify the private tort analogue requirement of the FTCA.

Finally, while arguing that District of Columbia tort law does not apply (Opp. at 5, n.5), Plaintiff asserts that its FTCA claim is analogous to the negligence theory only preliminarily upheld under District of Columbia law in *Appleton I*, 69 F. Supp. 2d 83 (D.D.C. 1999). Opp. at 6-7. Defendants urge the Court to consider the reasoning of the subsequent and final ruling dismissing the negligence claim in *Appleton IV* as inherently more sound than that of Judge Urbina in *Appleton I*. See, *Appleton IV*, 180 F. Supp. 2d 177, 184-187 (D.D.C. 2002). Specifically, *Appleton I*'s analogy to *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195 (D.C. 1991)—the only District of Columbia case *Appleton I* cites to as an analogy—is misguided. *Appleton I*, 69 F. Supp. 2d at 96-97. In that case, a third party (the plaintiff's ex-girlfriend) submitted a fraudulent credit card application to the defendant, which plaintiff alleged the defendant negligently used as a basis to grant a his ex-girlfriend a credit card in his name. *Id.* In this case, it is Plaintiff itself that submitted a Form 6 import application to ATF. Setting aside for a moment the issue that applying for a credit card is not analogous to seeking permission to import goods, *Beard* would present a parallel relationship of duty and breach only if the defrauding ex-girlfriend had been successful in suing the defendant for negligently granting her a credit card based on her own application. The disingenuous nature of such an argument is something that was picked up on by the judge in *Appleton IV* when he wrote:

> Plaintiff finds himself in the anomalous position of arguing that [ATF] was negligent because it relied on the identity of the manufacturer of the ammunition provided by him, which was at best imprecise, but according to his attorney, accurate, whereas the facts and testimony now reflect that the information provided by Plaintiff was not accurate.

*Appleton IV*, 180 F. Supp. 2d at 186.

Further, in addition to the fact, as Plaintiff correctly notes, that neither *Appleton I* nor *IV* is binding upon this Court, it is also worth noting that *Appleton I* was decided without the benefit of certain Ninth Circuit case law applicable here. As *Appleton IV* observed, the Ninth Circuit in *Delta*

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 5
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Savings Bank v. United States*, 265 F.3d 1017 (9th Cir. 2001) ruled that "[t]o bring suit under the FTCA based on negligence per se, a duty must be identified, and this duty cannot spring from a federal law. The duty must arise from a state statutory or decisional law, and must impose on the defendants a duty to refrain from committing the sort of wrong alleged" [by the plaintiff]. *Appleton IV* at 185 (citing *Delta Savings*, 265 F.3d at 1026). Indeed, Plaintiff's Opposition says nothing to controvert Defendants' argument that Plaintiff's tort claim cannot withstand the private tort analogue requirement because the duty allegedly breached only arises under federal law. Motion at 10-11. The FTCA's limited waiver of sovereign immunity "cannot apply where the claimed negligence arises from the failure of the United States to carry out a statutory duty in the conduct of its own affairs." *See Hornbeck Offshore Transp. v. United States*, 569 F.3d 506, 509 (D.C. Cir. 2009). Internal policies, procedures, or statutes governing federal action, while potentially relevant to discretionary function analysis, cannot serve to create a substantive cause of action under the FTCA unless the conduct at issue is "independently tortious under applicable state law." *Dalrymple v. United States*, 460 F.3d 1318, 1327 (11th Cir. 2006). Plaintiff having cited no applicable state law here, the negligence claim should be dismissed.

> **B.      Plaintiff's Flawed Discretionary Function Analysis Fails to Undermine the Discretionary Nature of the Defendants' Actions in this Case.**

Plaintiff's Opposition is most notable for the fact that, though Defendants submitted evidence showing that ATF's Form 6 review, approval, and revocation process is discretionary, Plaintiff submitted no countervailing affidavits rebutting such evidence. Instead Plaintiff relies on the allegations in the Complaint, which need not be believed in this context. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). This is critical because the Plaintiff appears to rely on the contention that ATF knew the ammunition was armor piercing under the GCA when the import permit was issued, and thus could act with no discretion in issuing the permit. Opp. at 12:21-22. Though this point is irrelevant to the discretionary function analysis, as will be described below, the allegation was expressly refuted by both the Majors declarations and its attachments. Majors Decl. ¶¶ 39-45,

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 6
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Ex. C at 41, 43. Plaintiff has thus, as a preliminary matter, failed to satisfy its burden of establishing that the Court has subject matter jurisdiction over the tort claim alleged by the Complaint. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (once the moving party has submitted affidavits and other evidence, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction"). This failure alone is dispositive to Plaintiff's claim under the FTCA.

Plaintiff's Opposition is also notable in that it focuses solely on the first prong of the *Gaubert* two-step analysis—whether the challenged actions involve "judgment or choice"—and not the second prong of whether the actions are "susceptible to a policy analysis." Opp. at 10-13; *see also United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991). Plaintiff's argument is incorrect for several reasons. First, contrary to FTCA precedent, the analysis focuses on one act—the application of the GCA's armor piercing provision—as non-discretionary, and ignores the larger import controls process at issue. Second, the analysis ignores, and as mentioned above fails to rebut, evidence submitted by Defendants that the ATF processes at issue are discretionary both in terms of the overall import control process, and the initial review of the Form 6. Finally, Plaintiff inappropriately asserts that the GCA's armor-piercing provision is the type of regulation that "prescribes a course of action" such that the agency action is presumed non-discretionary. Rather, the GCA provides a definition of armor piercing, which ATF then applies under its import control procedures, which are presumptively discretionary under *Gaubert.*

First, in analyzing the discretionary function exception, Plaintiff ignores the breadth of ATF's Form 6 investigative process and instead seeks to focus solely on whether ATF had discretion to approve a permit to import armor-piercing ammunition under the GCA, 18 U.S.C. § 92l(a)(l7)(B). Opp. at 10-13. While it is of course true that ATF does not have the ability to approve a permit to import armor-piercing ammunition (other than for re-sale to government entities or for industrial

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 7
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

purposes),[4] that is not the act or omission at issue here.  The review and granting of the permit is but one component part of ATF's overarching system of inspection.  As explained in Defendants' Motion, and conceded in Plaintiff's Opposition (Opp. at 14:22-24), FTCA precedent encourages the Court to look at the governmental function as a whole to evaluate whether the action that caused the harm was discretionary.  *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed2d 660 (1984) (viewing agency process as a whole); *General Dynamics Corp. v. United States*, 139 F.3d 1280, 1285 (9th Cir. 1998) (A plaintiff cannot circumvent an FTCA exception through mislabeling and mis-description of the truly discretionary source of the injury.").  Here, the declaration and evidence submitted by Defendants show that the Form 6 process involves thoughtful consideration at multiple levels, thus indicating the discretionary nature of the process in which the GCA's definition of armor-piercing ammunition is applied.

   ATF's entire Form 6 import control process and its development must be considered a discretionary function by this Court in light of the Supreme Court's precedent in *Varig Airlines*.  In *Varig Airlines*, while the plaintiffs challenged the individual failures of the Federal Aviation Administration ("FAA") to inspect certain components of aircraft, the Supreme Court held that action barred by the discretionary function exception.  *Varig Airlines*, 467 U.S. at 814-20.  The Supreme Court reasoned that the FAA had been granted discretion to determine how it would police aircraft safety, and in turn the FAA instituted a "spot check" safety program, the very development of which was a discretionary act.  *Id.* at 819-20.  Even though the Plaintiff's argued a singular act was negligent (the failure to inspect), because it was a product of the FAA's overall system, the action was barred.  ATF was delegated similar authority to implement procedures for policing the import of ammunition and guns.  Executive Order No. 11432 (October 22, 1968); 1968–2 C.B. 906; Treasury Department Order No. 120–01 (formerly No. 221), 37 Fed.Reg. 11696 (1972).  ATF has developed this process of initial permit review, and subsequent inspection upon intercept by

---

[4]   *See* 18 U.S.C. §§ 921(a)(17)(C), 922(a)(7), 922(a)(8); 27 C.F.R. § 478.37.

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 8
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Customs and Border Patrol in the United States, based on competing policy considerations of the limited resources of the agency, the volume of Form 6 applications, the firearms and ammunitions industry's need for timely adjudication of claims, and the requirements for Form 6 applicants to provide accurate information. Majors Dec. ¶¶ 14-21. The gravamen of Plaintiff's Complaint, similar to the allegations propounded by the plaintiff in *Varig Airlines*, amounts to an indictment of this process, which is a discretionary function of ATF.[5]

Further, the initial consideration of the Form 6 petition itself is discretionary. Specifically, ATF has a general policy of allowing permit examiners to rely on the truthfulness of representations made in Form 6 applications. Majors Dec. ¶¶ 20-21. ATF Examiners decide whether, in their discretion or judgment, they should elicit more information from an applicant, investigate the matter further on their own, or forego investigation based upon the applicant's representations. *Id.* ¶¶ 18-19. Thus here, when the examiner reviewed Plaintiff's permits, which: (1) failed to circle the term "AP" to indicate that the ammunition was armor piercing; (2) failed to describe the ammunition as having a metal core; and (3) did not describe the ammunition as "7N6," ATF exercised discretion to forego further investigation and rely upon these representations. *Id.* 23-25; *see also* Majors Dec. Ex. C (relevant permits). Tellingly, the permits were all issued bearing a stamp stating that: "this permit does not authorize the importation of the ammunition described thereon if: (1) it has a projectile or projectile core which may be used in a handgun and which is constructed entirely . . . from one or a combination of [metal] . . ." *See* Majors Decl. Ex. C at 41, 43. Accordingly, far from Plaintiff's contention that "ATF had no decision to make when it received [Plaintiff's] Form 6 applications . . . ATF already knew the ammunition was 'armor piercing' under the GCA" (Opp. at 12:20-22), ATF

---

[5] Plaintiff's discussion of *Varig Airlines* (Opp. at 13) reveals a dangerous mindset regarding its obligations under the GCA. Plaintiff argues that *Varig Airlines* is inapposite because "[t]he duty to comply with the[ ] FAA regulations fell upon the commercial airline, not the agency," implying that in the current situation Plaintiff has no duty to comply with the GCA, but rather only ATF has a duty to prevent Plaintiff from violating the GCA.

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 9
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

did *not* know the ammunition had armor-piercing properties and exercised discretion in granting the permit without further investigation, based upon Plaintiff's representations.

Finally, Plaintiff argues that the provisions of the GCA deprive ATF of any discretion in this matter, thus ending the discretionary function analysis under the first prong of the *Gaubert* analysis. Opp. at 11. The GCA's armor-piercing prohibitions are, however, *not* the type of statute or regulations that "prescribe a course of action for an employee to follow." *Gaubert*, 499 U.S. at 322 (citing *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L. Ed. 2d 531 (1988)). For example in the *Berkovitz* case, where the Supreme Court considered applicable vaccine approval regulations so comprehensive that no discretion could occur, regulations prescribed information to be supplied, test to be performed, and procedures for granting and denying vaccine licenses such that "[a]ll such licenses shall be issued, suspended, and revoked as prescribed by regulations . . ." *Id.* at 541-43. In contrast, here, while the GCA provides a definition of armor piercing ammunition, rules and regulations regarding ATF Form 6 process in which that definition is applied are presumptively discretionary. 27 C.F.R. § 447.44 ("Import permits . . . *may* be denied, revoked, suspended or revised without prior notice whenever the appropriate ATF officer finds the proposed importation to be *inconsistent with the purpose* or in violation of Section 38, Arms Export Control Act of 1976 or the regulations in this part." (emphasis added)). Where the relevant statute or regulation does *not* prescribe a course of action, but rather contains language that is permissive of agency choice, then it is presumed the agency actions are discretionary. *Gaubert*, 499 U.S. at 324-25. This is the case here; accordingly Plaintiff's negligence claim must be dismissed under the discretionary function exception.[6]

---

[6] Plaintiff's Opposition makes no argument regarding the susceptibility of ATF's Form 6 process to policy considerations, arguing instead that the analysis ends at the first prong. Defendants refer to their Motion at 18-20 for a discussion of the policy considerations at issue.

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 10
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### C. Given ATF's Role as a Customs Enforcement Agency that detained Goods in this Matter, the Detention of Goods Exception Applies.

Plaintiff argues that the FTCA's "detention of goods" exception, 28 U.S.C. § 2680(c), does not apply here because the exception is specifically applied in cases where the government has damaged goods while they were in detention. Opp. at 14-15. Plaintiff does not point to any case law, however, suggesting that the exception should be so limited. To the contrary, case law overwhelmingly indicates that the exception should be interpreted broadly. *Kosak v. United States*, 465 U.S. 848, 854, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984); *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008). Plaintiff argues that *Foster* indicates that "the detained goods exception is intended to preserve governmental immunity from bailor liability." Opp. at 14:1-2. A review of that case, however, reveals no such limitation. Rather, the Ninth Circuit in *Foster* reiterates that the exception should be interpreted broadly (*Foster*, 522 F.3d at 1074), and discusses Congress' objectives in creating exceptions to the FTCA as: "ensuring that 'certain governmental activities' not be disrupted by the threat of damage suits; avoiding exposure of the United States to liability for excessive or fraudulent claims; and not extending the coverage of the FTCA to suits for which adequate remedies were already available." *Foster*, 522 F.3d at 1076 (citing *Kosak*, 465 U.S. at 858). There is no suggestion that the exception should be restricted to cases where the goods were damaged during detention, or to bailor liability of the government.

Similarly, Plaintiff's attempts to distinguish *Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994) and *United States v. Lockheed L-188 Aircraft*, 656 F.2d 390, 397 (9th Cir. 1979) fail because they rely on the argument that (1) the cases related to damage to goods during detention and (2) the tort theories involved were different. Opp. at 14:4-16. Again, the exception is to be interpreted broadly, and as such it is irrelevant where or when the damage to plaintiff arises, so long as it "aris[es] in respect of the . . . detention of goods." 28 U.S.C. § 2680(c). The language of the exception says nothing regarding what *type* of tort theory may be barred, only that the FTCA's

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 11
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

waiver of sovereign immunity "shall not apply" to *any* tort theory arising out of the detention of goods. *Id.* The exception thus applies here, and Plaintiff's negligence claim must be dismissed.

     **D.**    **To the Extent Plaintiff's FTCA Claim Includes Theories of Interference with Contract Rights, it Should be Dismissed.**

Defendants' Motion also requested that, to the extent Plaintiff's Complaint advances a theory of interference with contract rights, such a claim should be barred under 28 U.S.C. § 2680(h) (barring any claim arising out of . . . interference with contract rights."). In response, Plaintiff affirms that it "allege[s] no breach of a contractual promise by the government or any other entity." Opp. at 14:25-26. The potential claim at issue, however, is interference with contract rights, not breach of contract. To that end, Plaintiff's Complaint contains several references to interference with its contractual rights and expectations, particularly with regard to its importation agreements with Sabine Schneider. Compl. ¶¶ 49-50, 66-69. These references in Plaintiff's Complaint do, in fact, mirror the court's description of the plaintiff's complaint in *Endicott v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 338 F. Supp. 2d 1183, 1187 (W.D. Wash. 2004), cited in the Defendants' Motion. And, while Plaintiff's citation to the Third Circuit's opinion in *Aleutco* certainly affirms that Plaintiff has a right to choose whether to bring a claim in tort or in contract, that principle says nothing about whether a plaintiff should be able to bring tort claims that could be characterized as interference with contract against the federal government. *Aleutco Corp. v. United States*, 244 F.2d 674, 678-79 (3d Cir. 1957). Plaintiff's tort claim, which from the face of the complaint self-evidently includes elements of interference with contract, should thus be dismissed under Section 2680(h).

**III.**    **CONCLUSION**

For the reasons stated above and in Defendants' Motion, Defendants respectfully request that this Court dismiss Plaintiff's negligence claim under the FTCA for lack of subject matter jurisdiction.

/
/

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 12
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     Respectfully submitted,

2     ANNETTE L. HAYES
    United States Attorney

3

4     */s/ Jessica M. Andrade*
    Jessica M. Andrade, WSBA No. 39297

5     Assistant United States Attorney
    United States Attorney's Office

6     700 Stewart Street, Suite 5220
    Seattle, Washington 98101

7     Phone: (206) 553-7970
    Fax: (206) 553-4073

8     Email: Jessica.Andrade@usdoj.gov
    Attorney for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 13
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers.

It is further certified that on March 18, 2016 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

McKAY CHADWELL, PLLC
Robert G. Chadwell, WSBA No. 22683
Patrick J. Preston, WSBA No. 24361
Thomas M. Brennan, WSBA No. 30662
600 University Street, Suite 1601
Seattle, WA 98101-4124
Email: rgc1@mckay-chadwell.com
       pjp@mckay-chadwell.com
       tmb@mckay-chadwell.com

Dated this 18th day of March 2016.

*/s/ Jessica M. Andrade*
Jessica M. Andrade, WSBA No. 39297
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
Fax:   (206) 553-4073
Email: Jessica.Andrade@usdoj.gov

REPLY IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS - 14
Case No. 15-cv-01990-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970