THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P.W. ARMS, INC., a Washington corporation,<br><br>                                  Plaintiff,<br><br>           v.<br><br>UNITED STATES OF AMERICA and the BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, a Federal Agency,<br><br>                                  Defendants. | Case No.  2:15-cv-01990 JCC<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FTCA CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1)** |

## I.     INTRODUCTION

Plaintiff, P.W. Arms, Inc. (PWA) moves through this surreply under Local Civil Rule 7(g) to strike a new argument in the government's reply (Dkt. #19) supporting its Rule 12(b)(1) motion to dismiss PWA's Federal Tort Claims Act (FTCA) claim.  The government's untimely argument is contrary to controlling precedent.

## II.     ARGUMENT AND AUTHORITY

Local Civil Rule 7(g) authorizes a party to file a surreply moving to "strike material contained in or attached to a reply brief."  As required by the Rule, PWA filed a Notice of Intent to submit this surreply on March 22, 2016.  *See* Dkt. #20.

The government's dismissal motion purported to raise a "factual challenge directly contesting this Court's jurisdiction" under the discretionary function exception to FTCA liability,

PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANT UNITED STATES OF AMERICA'S MOTION
TO DISMISS FTCA CLAIM - 1

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

28 U.S.C. 2680(a). *See* Dkt. #10 at 8:20-22. The government quoted *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)[1] for the proposition that if a moving party converts a dismissal motion into a factual motion by presenting proper evidence, the opposing party must furnish evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Id.* at 9:4-6. The sole support for the government's "factual challenge" to subject matter jurisdiction under the discretionary function exception was a declaration by William E. Majors, of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). *See* Dkt. #11.

In response, PWA argued that Majors' declaration, which repetitiously labeled ATF's acts as discretionary, was "irrelevant" and his assertions would violate separation of powers because ATF lacked discretion to ignore federal law by approving armor piercing ammunition importation permits. *See* Dkt. #15 at 11:10-19. Under these circumstances, ATF raised only a deficient facial challenge because ATF did not contest PWA's complaint allegations that ATF knew 7N6 contained a "steel core" when it approved importation of a handgun that could use 7N6 in 2011. *See Trader Joe's Co. v. Hallatt*, 981 F. Supp. 2d 972, 976 (W.D. Wash. 2013) (construing "factual attack" on subject matter jurisdiction as "facial attack" where moving party presented unsupported and conclusory assertions going to plaintiff's legal arguments).

The government's reply now argues, however, that the lack of "controverting evidence" accompanying PWA's response is "dispositive." *See* Dkt. #19 at 2:3-4. This new argument is contrary to controlling precedent.

A Rule 12(b)(1) factual challenge requires the party moving for dismissal to show that the claim allegations are "frivolous" to obtain dismissal where a statute, such as the FTCA, provides the basis for subject matter jurisdiction and a substantive claim for relief. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004) (citing *Thornhill Publ'g Co. v. Gen. Tel. Co.*, 594 F.2d 730, 734 (9th Cir. 1979)); *see also Botts v. United States*, No. C12-1943JLR, 2013 WL

---

[1] In *Glendale*, the Ninth Circuit Court of Appeals affirmed the district court's denial of a Rule 12(b)(1) motion to dismiss the plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act for lack of subject matter jurisdiction.

PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANT UNITED STATES OF AMERICA'S MOTION
TO DISMISS FTCA CLAIM - 2

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

4008830, at *6 (W.D. Wash. Aug. 5, 2013) (citing *Safe Air* and denying in part government's Rule 12(b)(1) motion to dismiss FTCA claim where factual and jurisdictional issues were intertwined).

PWA's complaint allegations are not frivolous, and the government has made no such argument. Instead, the government's motion relied on much of PWA's complaint in reciting the relevant facts. *See* Dkt. #10 at 4-6. Having timely objected in its response to the Majors' declaration as irrelevant to the applicability of the discretionary function, PWA bears no obligation to present additional facts beyond the uncontested and non-frivolous facts of its complaint.

### III.   CONCLUSION

Accordingly, the Court should strike the government's reply argument referenced above and deny dismissal of PWA's FTCA claim under the discretionary function exception based upon the authority and argument in PWA's response.

Respectfully submitted,

DATED this 23rd day of March, 2016.

**McKAY CHADWELL, PLLC**

By *s/ Robert G. Chadwell*
By *s/ Patrick J. Preston*
By *s/ Thomas M. Brennan*
Robert G. Chadwell, WSBA No. 22683
Patrick J. Preston, WSBA No. 24361
Thomas M. Brennan, WSBA No. 30662
Attorneys for Plaintiff P.W. Arms, Inc.
600 University Street, Suite 1601
Seattle, WA  98101-4124
Phone: (206) 233-2800
Fax:    (206) 233-2809
Email: rgc1@mckay-chadwell.com
           pjp@mckay-chadwell.com
           tmb@mckay-chadwell.com