THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P.W. ARMS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and the BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, a Federal Agency,<br><br>Defendants. | No. 2:15-cv-01990 JCC<br><br>**PLAINTIFF P.W. ARMS, INC.'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND STRIKE PORTIONS OF THE ADMINISTRATIVE RECORD**<br><br>NOTE ON MOTION CALENDAR: JUNE 3, 2016 |

Plaintiff P.W. Arms, Inc. (PWA) requests that the Court order the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to supplement the Administrative Record and also requests that the Court strike certain portions of the Administrative Record that ATF created after April 7, 2014. On December 21, 2015, PWA filed a complaint alleging, in part, that ATF violated the Administrative Procedure Act (APA) when, on April 7, 2014, ATF classified 7N6 5.45x39mm rifle ammunition (7N6) as 'armor piercing' despite the fact that 7N6 does not contain a core constructed entirely of steel. *See* Dkt. # 1.  In response, on February 19, 2016, ATF filed its Administrative Record certifying that to the best of ATF's knowledge, the

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 1

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

documents in the Administrative Record include all those considered by ATF in that decision-making process. *See* Dkt. # 9, 9-1. ATF supplemented the Administrative Record twice. *See* Dkt. # 13, 22.

PWA and ATF each brought motions for partial summary judgment under the APA. *See* Dkt. # 18, 24. In PWA's March 18, 2016 APA summary judgment motion, the sole issue related to ATF's unlawful classification of 7N6 as 'armor piercing' under 18 U.S.C. § 921(a)(17)(B)(i). *See* Dkt. # 18. In support, PWA relied exclusively upon the Administrative Record submitted by ATF. *Id.* On April 15, 2016, in support of ATF's response and its own cross-motion for summary judgment, ATF submitted the "ATF Framework For Determining Whether Certain Projectiles are 'Primarily Intended For Sporting Purposes' within the Meaning of 18 U.S.C. § 921(a)(17)(c)" (ATF Framework). *See* Dkt. # 24, p. 23 and Dkt. # 25, 25-3. The ATF Framework, not included as part of the Administrative Record, discussed ATF's classification of SS109/M855 ammunition (not 7N6) as 'armor piercing.' *Id.*

In PWA's May 6, 2016 reply in support of its APA summary judgment motion, PWA submitted an October 31, 1986 letter by ATF Deputy Director William Drake (Drake letter). *See* Dkt. # 26, p. 2 and Dkt. # 26-1, Exhibit 1. Like the ATF Framework, the Drake letter also discussed ATF's classification of SS109/M855 (not 7N6) as 'armor piercing.' *See* Dkt. # 26-1, Exhibit 1. In PWA's reply, PWA also cited a paragraph in ATF's Declaration of William Majors (limited to his statements in paragraph 22) (Majors' Declaration). *See* Dkt. # 26, p. 2, citing to Dkt. # 11 at ¶22. (ATF submitted this declaration to the Court with its Federal Tort Claims Act briefing. *See* Dkt. # 11.) Majors' declaration provides background information on the specific subject raised in PWA's APA summary judgment motion -- ATF's statutory interpretation of

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 2

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800 Fax (206) 233-2809

what constitutes 'armor piercing ammunition,' specifically, that ATF "does not consider there to be a difference between a partial and full steel core." Dkt. # 11 at ¶22.

In response to ATF's cross-motion for partial summary judgment, PWA argued that two bases for the Court to deny ATF's motion were that the motion itself was premature because the Administrative Record was incomplete and that the Administrative Record included material that the Court should not consider when ruling on ATF's motion.[1] *See* Dkt. # 26, pp. 19-21. PWA argued that in addition to the Drake letter, the Administrative Record should, at least, include (1) a complete and legible copy of a January 28, 2014 email that ATF partially produced (Administrative Record (AR) 113), (2) the entire book from which ATF excerpted two pages (AR 45-46), and (3) an ATF April 7, 2014 email to E. Griffith produced as part of ATF's Freedom of Information Act (FOIA) production to PWA (Dkt. # 26-1, Exhibit 2). PWA also argued that certain documents ATF created on or after April 7, 2014, the date ATF classified 7N6 as 'armor piercing,' were improperly included as part of the Administrative Record so should not be considered by the Court in support of ATF's motion. *See* Dkt. # 26, p. 21.

I.    **This Court Should Order ATF to Supplement the Administrative Record**

Generally, courts do not consider material outside the administrative record, but the administrative record may be supplemented when the agency has relied upon materials not included in the record. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). "The whole administrative record, however, is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record. The 'whole' administrative record, therefore, consists of all documents and materials directly or

---

[1] PWA noted that the Court could properly grant PWA's APA motion for summary judgment on the Administrative Record before it. *See* Dkt. # 26, p. 19, n. 15.

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 3

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

*indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (internal quotations and citations omitted) (emphases in original).

Material outside the administrative record is allowed in limited circumstances: (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has (directly or indirectly) relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when a plaintiff makes a showing of agency bad faith. *See Sw. Ctr. For Biological Diversity*, 100 F.3d at 1450. Further, the reviewing court can go outside the administrative record for the limited purpose of background information. *See Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980).

When ATF submitted and relied upon the ATF Framework, which was not part of the Administrative Record and which discussed the same subject matter of the Drake letter (*see* Dkt. # 25-3, 26-1, Exhibit 1), it is reasonable to conclude that ATF, at least indirectly, also relied on the Drake letter. *See Thompson*, 885 F.2d at 555. Additionally, both Majors' Declaration and the Drake letter are necessary to determine whether ATF considered all relevant factors and explained its decision to classify 7N6 as 'armor piercing.' *See Sw. Ctr. For Biological Diversity*, 100 F.3d at 1450. Both Majors' Declaration and the Drake letter are also necessary to explain ATF's position regarding the term 'armor piercing ammunition,' the subject of PWA's APA summary judgment motion. *Id.* Further, PWA documented that ATF's interpretation of 'armor piercing ammunition' as explained in its cross-motion for summary judgment was inconsistent with ATF's historic interpretation, as documented by the Drake letter, and inconsistent with ATF's very recent interpretation, as documented by Majors' Declaration. *See* Dkt. # 26, pp. 4,

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 4

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

12-14, 16. This supports a showing of ATF's bad faith in its current explanation to classify 7N6 as 'armor piercing.' *See Sw. Ctr. For Biological Diversity*, 100 F.3d at 1450.

Lastly, the basis for PWA's APA claim is ATF's unlawful classification of 7N6 as 'armor piercing' under 18 U.S.C. § 921(a)(17)(B)(i). Majors' Declaration and the Drake letter provide necessary background information on ATF's historic and current interpretation of the statute. Following, even if the Court does not order ATF to supplement the Administrative Record with the aforementioned documents, the Court should nevertheless consider them when deciding PWA's pending APA summary judgment motion. *See Asarco, Inc.*, 616 F.2d at 1160.

In addition to the Drake letter and Majors' Declaration, the Court should also order ATF to supplement the Administrative Record with three additional documents. *See* Dkt. # 26, p. 20. ATF produced a January 28, 2014 email that is obscured from view; however, the subject line is clear, "Importer Stacy Prineas (PW Arms)." AR 113. The Court should order ATF to supplement the Administrative Record with a complete and legible copy of this email when this email was plainly considered by ATF. *See Thompson*, 885 F.2d at 555. Indeed, ATF already partially produced it as part of the Administrative Record.

ATF also provided two pages of a book describing 7N6 but did not disclose the name of this book. *See* AR 45-46. ATF, at least indirectly, relied on this entire book by producing an excerpted portion. *See Thompson*, 885 F.2d at 555. The Court should order ATF to supplement the Administrative Record with this book so that PWA may review the composition of multiple types of ammunition and compare those to ATF's other classifications of 'armor piercing ammunition' to determine if ATF acted arbitrarily and capriciously in this case.

ATF's April 7, 2014 email to E. Griffith documents the actual reason for ATF's seizure of PWA's ammunition -- an informant's tip, which had been proven false by the date ATF

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 5

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

stopped PWA's ammunition. *See* Dkt. # 26-1, Exhibit 2. The information in this email indicates that ATF was less than fulsome in its purported reason for stopping PWA's ammunition: "SA Mike Scott was called by customs from the Norfolk Port referring a shipment of suspected APA." AR 143. No informant is mentioned anywhere in the current Administrative Record. ATF unquestionably relied on this informant's tip, so this Court should order ATF to supplement the Administrative Record to include this email and its related communications. *See Thompson*, 885 F.2d at 555. The April 7, 2014 email was produced as part of the FOIA response only.

Further, ATF has yet to file a *Vaughn* index related to its FOIA production. PWA requires a *Vaughn* index to assess the completeness of ATF's FOIA production, which is relevant to PWA's assessment of the completeness of the Administrative Record. PWA is entitled to obtain and review any missing documents that should have been included in the Administrative Record before formulating a response to ATF's APA summary judgment motion.

## II. The Court Should Strike Portions of the Administrative Record[2]

The relevant decision under the APA is ATF's classification of 7N6 as 'armor piercing,' which ATF made on April 7, 2014. *See* AR 37. As part of the Administrative Record, ATF submitted documents that ATF created on or after April 7, 2014. *See* AR 108-215. However, a proper administrative record only includes materials that were before the agency at the time the decision was made. *See generally, Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (concluding "that the district court properly struck extra-record documents submitted by Southwest Center. Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not

---

[2] This is a motion to strike certain material in the Administrative Record and is not limited to material contained in ATF's cross-motion for summary judgment. However, ATF did, in its response, request the Court not consider certain material when deciding ATF's motion. *See generally,* Dkt. # 26, p. 21 and LCR 7(g).

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 6

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

encompass any part of the record that is made initially in the reviewing court"). This Court should strike from the Administrative Record certain documents that ATF created after it made the decision to classify 7N6 as 'armor piercing.'[3] The documents the Court should strike from the Administrative Record include (1) internet research into "commercially available" handguns conducted by ATF after ATF made the decision that such a "commercially available" handgun existed (*see* AR 51-59, 156-215[4]) and (2) ATF's June 2, 2014 letter responding to PWA's counsel, in which ATF raised for the first time its position that only the "center and innermost foundation" constitute the core (*see* AR 43-44).

//

//

//

//

---

[3] After April 7, 2014, ATF created a talking points document, which documents that "ATF does not consider there to be a difference between a partial and full steel core." AR 143. Notably, this document, containing evidence contrary to ATF's position stated in its cross-motion for summary judgment, is properly part of the Administrative Record because it documents what ATF's position was before and on April 7, 2014, when it classified 7N6 as 'armor piercing.' *See generally, Thompson*, 885 F.2d at 555.

[4] AR 51-53: This document appears to be a printout from an archived message board on the Calguns.net website, in which users discuss the purported ability to build a custom handgun capable of chambering 7N6. The document is dated "1/14/2016" in the bottom right corner of each page. There is no indication that ATF considered this prior to April 7, 2014.

AR 54-59: This document appears to be a "news review" of the Robinson Arms XCR-L Pistol, which is purportedly capable of chambering 7N6. There is no indication that ATF considered this prior to April 7, 2014.

AR 156-157: Email string dated April 10, 2014 regarding commercially available handgun(s) purportedly capable of chambering 7N6.

AR 158-159: Email string dated April 10, 2014 regarding commercially available handgun(s) purportedly capable of chambering 7N6.

AR 160-203: Email string dated April 10, 2014 regarding commercially available handgun(s) purportedly capable of chambering 7N6.

AR 204-210: Email string dated April 10, 2014 regarding commercially available handgun(s) purportedly capable of chambering 7N6.

AR 211-212: Email string dated April 10, 2014 regarding commercially available handgun(s) purportedly capable of chambering 7N6.

AR 213-215: Email string dated April 17, 2014 regarding commercially available handgun(s) purportedly capable of chambering 7N6.

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 7

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington  98101-4124
(206) 233-2800  Fax (206) 233-2809

DATED May 19, 2016.

McKAY CHADWELL, PLLC


By s/ *Robert G. Chadwell*
By s/ *Patrick J. Preston*
By s/ *Thomas M. Brennan*
Robert G. Chadwell, WSBA No. 22683
Patrick J. Preston, WSBA No. 24361
Thomas M. Brennan, WSBA No. 30662
Attorneys for Plaintiff P.W. Arms, Inc.
600 University Street, Suite 1601
Seattle, WA 98101-4124
Phone: (206) 233-2800
Fax:     (206) 233-2809
Email: rgc1@mckay-chadwell.com
           pjp@mckay-chadwell.com
           tmb@mckay-chadwell.com

PWA'S MOTION TO SUPPLEMENT AND STRIKE
REGARDING THE ADMINISTRATIVE RECORD - 8

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2016, I electronically filed Plaintiff P.W. Arms, Inc.'s Motion and Proposed Order to Supplement the Administrative Record and Strike Portions of the Administrative Record which will send notification of such filing to all registered parties on this case, listed below:

Jessica M. Andrade
U.S. Attorney's Office
700 Stewart Street
Suite 5220
Seattle, WA 98101-1271
Email: jessica.andrade@usdoj.gov

DATED this 19th day of May, 2016.

*s/ An K. Nguyen*
An K. Nguyen
Legal Assistant
McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, WA 98101
Phone: (206) 233-2800
Facsimile: (206) 233-2809
E-mail: akn@mckay-chadwell.com

CERTIFICATE OF SERVICE - 1
No. 2:15-cv-01990 JCC

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800   Fax (206) 233-2809