THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P.W. ARMS, INC., a Washington corporation,<br><br>                   Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA and the BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, a Federal Agency,<br><br>                   Defendants. | No. 2:15-cv-01990 JCC<br><br>**PLAINTIFF P.W. ARMS, INC.'S REPLY SUPPORTING MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND STRIKE PORTIONS OF THE ADMINISTRATIVE RECORD** |

ATF's Administrative Record does not deserve a presumption of completeness as evidenced by the fact that ATF twice voluntarily supplemented the record after it initially certified that the record was complete (and now this week agreed to supplement the record a third time). PWA has clearly established this fact, and the relief sought in this motion is consistent with these developments and amounts to a straightforward, narrowly-focused request to amend the record in a way that accurately accounts for ATF's administrative decision. PWA simply seeks to add a few documents to the record and to strike certain records that are dated after ATF issued its public special advisory regarding 7N6 ammunition.

PWA'S REPLY SUPPORTING ITS MOTION REGARDING
THE ADMINISTRATIVE RECORD - 1

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

**1. ATF certified an incomplete Administrative Record so should not be entitled to any presumption of completeness, which further supports PWA's position that the Court should order ATF to supplement the Administrative Record**

ATF stipulated that it should supplement the Administrative Record to include two emails after ATF certified that the record was complete. *See* Dkt. # 33, pp. 7-8 and Dkt. # 9, 9-1.[1] While ATF "explicitly do[es] not concede that the two emails were 'directly or indirectly considered by agency decision-makers[,]'" (Dkt. # 33, p. 8), the definition of the 'whole administrative record' explicitly includes "all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Further, an agency may not exclude information from the administrative record on the grounds that it did not rely on the excluded information in reaching a final decision where there is evidence that the information was reviewed. *See Ad Hoc Metals Coalition v. Whitman*, 227 F.Supp.2d 134, 139 (D. D.C. 2002).[2] ATF cannot claim, explicitly or otherwise, that it did not review the January 28, 2014 email string when it was photographed as part of ATF's investigation of the ammunition at issue. *See* Administrative Record (AR) 113.

By stipulating to the inclusion of these emails, ATF implicitly admitted that it certified an incomplete Administrative Record. PWA "clearly established" that the Administrative Record was incomplete, which is sufficient to rebut the presumption that ATF submitted a complete Administrative Record. *See generally, People of State of Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, 2006 WL 708914, at *2 (N.D. Cal. Mar. 16, 2006) (order granting motion to compel

---

[1] Contrary to ATF's counsel's assertion, PWA never agreed to forewarn ATF that ATF needed to correct its deficient Administrative Record. Indeed, ATF is required to provide a complete record without prompting by opposing counsel but nevertheless improperly certified its record in this case was complete. *See* Dkt. # 9, 9-1. As evidenced by ATF's stipulations in its response (*see* Dkt. # 33, pp. 7-8.), ATF did not submit a complete record.

[2] PWA cites to extra-jurisdictional and district court case law as persuasive authority.

PWA'S REPLY SUPPORTING ITS MOTION REGARDING
THE ADMINISTRATIVE RECORD - 2

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800 Fax (206) 233-2809

complete production of administrative record), citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) and *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 243-44 (1985).

ATF directly or, at least indirectly, relied upon (1) ATF's opinion regarding the definition of 'armor piercing ammunition,' as documented by Majors' declaration (Dkt. # 11 at ¶22),[3] (2) the 1986 Drake letter (Dkt. # 26-1, Exhibit 1),[4] and (3) the entire Ammunition Encyclopedia from which ATF excerpted two pages (AR 45-46). ATF's response briefing does not impact PWA's analysis other than strengthening PWA's position by implicitly admitting that it certified an incomplete record. Additionally, ATF's position regarding what evidence this Court is authorized to review when assessing arbitrary and capricious agency action is telling.

> [PWA's] additional argument that the entire book should be included in the administrative record 'so that PWA may review the composition of multiple types of ammunition and compare those to ATF's other classifications of 'armor piercing ammunition' to determine if ATF acted arbitrarily and capriciously in this case' is the *definition* of prohibited *de novo* inquiry. *Animal Def. Council v. Hodel*, 867 F.2d 1244 (9th Cir. 1989).

Dkt. # 33, p. 7 (emphasis in original). ATF claims that if there was evidence that ATF classified certain ammunition as 'armor piercing' but then failed to likewise classify other ammunition of the same composition, this Court would be prohibited from reviewing such evidence. To the contrary, this highly relevant evidence meets the *definition* of arbitrary and capricious agency action. *See Judulang v. Holder*, 132 S. Ct. 476, 486 (2011) (finding the Board of Immigration Appeals' application of a certain policy to noncitizens seeking relief under the Immigration and Nationality Act arbitrary, in part, because "everything hangs on the fortuity of an individual

---

[3] ATF obviously did not rely on Majors' declaration itself; however, ATF did rely on his position, as stated in his declaration, that ATF "does not consider there to be a difference between a partial and full steel core." Dkt. # 11 at ¶22. This is confirmed by the Administrative Record. *See* AR 143.

[4] In the response briefing on this issue, ATF refers to 7N6 as "separate" from M855, the ammunition discussed in the Drake letter. *See* Dkt. # 33, p. 9. However, this conflicts with ATF's position in its APA summary judgment briefing in which ATF likened the two types of ammunition. *See* Dkt. # 24, p. 23.

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800 Fax (206) 233-2809

official's decision. An alien appearing before one official may suffer deportation; an identically situated alien appearing before another may gain the right to stay in this country"); see also, *Westar Energy, Inc. v. Fed. Energy Regulatory Comm'n*, 473 F.3d 1239, 1241 (D.C. Cir. 2007) ("A fundamental norm of administrative procedure requires an agency to treat like cases alike. If the agency makes an exception in one case, then it must either make an exception in a similar case or point to a relevant distinction between the two cases") (citations omitted).

Lastly, the *Animal Defense Council* case relied on by ATF supports PWA's arguments.

> The district court may inquire outside the administrative record when necessary to explain the agency's action. *Public Power Council v. Johnson*, 674 F.2d 791, 793-94 (9th Cir. 1982). When such a failure to explain agency action effectively frustrates judicial review, the court may 'obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary.' *Camp v. Pitts*, 411 U.S. 138, 143 (1973). The court's inquiry outside the record is limited to determining whether the agency has considered all relevant factors or has explained its course of conduct or grounds of decision. *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986). The district court may also inquire outside of the administrative record 'when it appears the agency has relied on documents or materials not included in the record.' [*Public Power Council*, 674 F.2d at 794.] In addition, discovery may be permitted if supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action. *Id.*

*Animal Def. Council*, 840 F.2d at 1436, amended, 867 F.2d 1244 (9th Cir. 1989).

The Court should order ATF to supplement the Administrative Record with Majors' declaration, the 1986 Drake letter, and the entire Ammunition Encyclopedia or, at least, consider these documents when ruling on the pending cross summary judgment motions. *See Thompson*, 885 F.2d at 555, *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996), and *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980).

**2. Newly disclosed information reveals ATF's intent to seize PWA's ammunition as unlawful before ATF ever inspected the ammunition**

The information contained in the December 17, 2013 to January 28, 2014 ATF email

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

string documents ATF's resolute intent to take action against PWA, regardless of the truth of the informant's tip. *See* Dkt. # 32-1. The December 17, 2013 email states that ATF received "anonymous information" that PWA was fraudulently importing ammunition and rifles through Canada. *See* Dkt. # 32-1, pp. 5-6. This was false. The moment ATF received this anonymous tip, however, the agency set out to seize PWA's ammunition as unlawful.

> [The informant] alleged that the ammunition is soviet era military ball, steel core, 7.62x39.[5] This would be armor piercing.... I will bring a bullet puller, bolt cutter, and magnet. We will need to pull a few projectiles and see if they stick to the magnet. If they do, that means they are not lead core but steel core and probably armor piercing. We can cut the projectile in half to see how much steel. I can email a photo of the cut away view to our Firearms Technology Branch to see if that is enough to get a rapid classification of the ammo as armor piercing. If not, I can Fedex and get a ruling the next day. If it is armor piercing it can't come in and could be forfeited/seized.

*See* Dkt. # 32-1, pp. 5 and 7.

Prophetically, this is exactly what ATF did despite the fact that none of the information the informant provided was true. *See* AR 13. PWA lawfully imported 7N6 based on permits granted by ATF. Regardless, ATF seized this ammunition and, after-the-fact, classified it as unlawful. With no evidence of criminal action, ATF nevertheless succeeded in doing what it set out to do in December 2013 – seize PWA's ammunition. This sequence of events evidences the true motive of ATF, which was to arbitrarily go after PWA's ammunition.

### 3. The final agency action at issue is ATF's April 7, 2014 Special Advisory

On April 7, 2014, ATF announced to the public that it classified 7N6 as illegal armor piercing ammunition. *See* AR 37. Yet, ATF takes the position that a June 2, 2014 private letter generated in response to PWA's counsel's inquiry amounts to ATF's definitive position. *See* Dkt. # 33, pp. 11-12. The June 2, 2014 letter itself acknowledges that ATF classified the

---

[5] The ammunition at issue in this lawsuit is 7N6.

PWA'S REPLY SUPPORTING ITS MOTION REGARDING
THE ADMINISTRATIVE RECORD - 5

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800 Fax (206) 233-2809

ammunition as 'armor piercing,' and ATF's letter was in response to PWA's request to

"reconsider" such decision. *See* AR 43. Further, ATF obviously could not have known in

advance that PWA's counsel would have written a letter to ATF, which leaves the Court to query

what date ATF would have considered the final agency action if PWA had not written to ATF.

The illogical nature of ATF's argument speaks for itself. Documents that ATF created after

April 7, 2014 should be struck from the record.

Additionally, as ATF points out, "the April 7th special advisory to the public had no

immediate impact on [PWA], as goods had already been detained on March 11th." Dkt. # 33, p.

12. Indeed, after PWA compelled ATF to disclose the December 17, 2013 email string, it is

clear that as of that date ATF was intent on seizing PWA's ammunition. If anything, ATF's final

agency action occurred before April 7, 2014.

Accordingly, the Court should order ATF to supplement the Administrative Record as

requested and to strike portions of the record created after the April 7, 2014 decision date.

DATED June 3, 2016.

**McKAY CHADWELL, PLLC**

By s/ *Robert G. Chadwell*
By s/ *Patrick J. Preston*
By s/ *Thomas M. Brennan*
Robert G. Chadwell, WSBA No. 22683
Patrick J. Preston, WSBA No. 24361
Thomas M. Brennan, WSBA No. 30662
Attorneys for Plaintiff P.W. Arms, Inc.
600 University Street, Suite 1601
Seattle, WA 98101-4124
Phone: (206) 233-2800
Fax:   (206) 233-2809
Email: rgc1@mckay-chadwell.com
       pjp@mckay-chadwell.com
       tmb@mckay-chadwell.com

PWA'S REPLY SUPPORTING ITS MOTION REGARDING
THE ADMINISTRATIVE RECORD - 6

McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, Washington 98101-4124
(206) 233-2800  Fax (206) 233-2809

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, I electronically filed Plaintiff P.W. Arms, Inc.'s

Reply Supporting Motion to Supplement the Administrative Record and Strike Portions of the

Administrative Record which will send notification of such filing to all registered parties on this

case, listed below:

Jessica M. Andrade
U.S. Attorney's Office
700 Stewart Street
Suite 5220
Seattle, WA 98101-1271
Email: jessica.andrade@usdoj.gov


DATED this 3rd day of June, 2016.

s/ An K. Nguyen
An K. Nguyen
Legal Assistant
McKay Chadwell, PLLC
600 University Street, Suite 1601
Seattle, WA 98101
Phone: (206) 233-2800
Facsimile: (206) 233-2809
E-mail: akn@mckay-chadwell.com

CERTIFICATE OF SERVICE - 1
No. 2:15-cv-01990 JCC

**McKay Chadwell, PLLC**
600 University Street, Suite 1601
Seattle, Washington 98101
(206) 233-2800  Fax (206) 233-2809