THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

P.W. ARMS, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA and the BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

Defendants.

CASE NO. C15-1990-JCC

ORDER ON THE PARTIES' CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on the parties' cross motions for partial summary judgment on the Freedom of Information Act (FOIA) claim (Dkt. Nos. 41 and 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the parties' motions for the reasons explained herein.

## I. BACKGROUND

The facts of this case have been discussed in the Court's previous order granting Defendants the United States and the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives's (ATF) first motion for partial summary judgment. (Dkt. No. 37 at 2–3.) The additional relevant facts are as follows. On July 18, 2014, Plaintiff P.W. Arms, Inc. submitted a

multi-part FOIA request to ATF. (Dkt. No. 43-1 at 2.) There is no dispute that ATF failed to respond to or acknowledge the July 2014 letter due to an "oversight." (Dkt. No. 43 at ¶ 43.) Seven months later on February 11, 2015, Plaintiff, viewing the lack of determination within the applicable statutory time period as a denial of the request, sent an appeal. (Dkt. No. 43-1 at 6.) ATF received the appeal on March 30, 2015, and responded on April 13, 2015. (Dkt. No. 43-1 at 13.) On August 25, 2015, ATF determined that no action needed to be taken on the appeal because there had been no adverse determination on the FOIA request. (Dkt. No. 43-1 at 15.)

On December 18, 2015, Plaintiff filed this action alleging a violation of FOIA, (Dkt. No. 1), and ATF was served on December 21, 2015, (Dkt. No. 2). One day after being served the complaint and nearly a year and a half after receiving the original FOIA request, ATF issued its first internal search requests for responsive documents. (Dkt. No. 43 at ¶ 8.) On March 31, 2016, 622 days after Plaintiff made its initial request, ATF produced responsive documents. (Dkt. No. 43-1 at 17.) ATF supplemented its initial response on June 24, 2016, and September 20, 2016. (Dkt. No. 43-1 at 19, 21.) ATF also provided a *Vaughn* index[1], outlining why responsive documents were withheld or redacted. (*See* Dkt. Nos. 43-1 at 24–108 and 43-2 at 2–188)

The parties now move for partial summary judgment on the FOIA claim (Dkt. Nos. 41 and 46.) Plaintiff also asks the Court to find that it is the prevailing party on the issue of whether ATF violated FOIA so it may pursue attorney fees and costs. (Dkt. No. 46 at 14–20; Dkt. No. 49 at 10–12.)

## II. DISCUSSION

### A. FOIA Motion for Summary Judgment Standard

Because the facts are rarely in dispute in a FOIA case, the Court need not ask whether there is a genuine dispute of material fact. *Minier v. Central Intelligence Agency*, 88 F.3d 796,

---

[1] The origins of the so-called "Vaughn index" date back to the District of Columbia Circuit's decision in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

800 (9th Cir. 1996). Rather, the standard for summary judgment in a FOIA case generally requires a two-stage inquiry. First, the Court must determine whether ATF fully discharged its obligations under FOIA by establishing that it conducted a search "reasonably calculated" to uncover all responsive documents. *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1995) (citing *Weisberg v. United States Dep't. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). This can be shown with "reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.* Then, the Court must decide if the information or redactions ATF did not disclose fall within a FOIA exception. *Id.*; *see* 5 U.S.C. §§ 552(a)(3), (b)(1)–(9). This burden may be satisfied with a *Vaughn* index describing the withheld material, explaining the reasons for non-disclosure, and demonstrating that reasonably segregable material has been released, all with reasonable specificity. *See Bowen v. U.S. Food & Drug Admin.*, 925 F.2d 1225, 1227 (9th Cir. 1991). These indexes are given a presumption of good faith and that presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (internal quotations and citations omitted). The burden of proof for both inquiries is on ATF and the Court reviews ATF's response to the FOIA request on a *de novo* basis. 5 U.S.C. § 552(a)(4)(B).

**B. Reasonably Calculated Search**

Plaintiff argues that ATF violated FOIA by (1) unreasonably delaying production of documents until Plaintiff initiated this case, (Dkt. No. 46 at 8–10), and (2) failing to produce all responsive documents in regards to Plaintiff's fifth, seventh and eight requests,[2] (*id.* at 6–7, 11).

1. <u>Unreasonable Delay</u>

Plaintiff argues, "ATF conducted a wholly unreasonable search when it failed to even

---

[2] Plaintiff seems to make this second argument in both the reasonably calculated search and FOIA exception analysis. (*See* Dkt. No. 46 at 6–7, 11.) However, these are two separate inquiries and challenging whether all documents have been produced for certain requests, instead of challenging the specific exception given for withholding a document, seems to fall into the first inquiry. Therefore, the Court will consider this challenge in the reasonably calculated search determination.

begin looking for documents until after [Plaintiff] filed suit." (Dkt. No. 46 at 8.) ATF argues that it has fulfilled its obligation to conduct an adequate search, (Dkt. No. 41 at 8), and that Ninth Circuit case law does not support a finding of a FOIA violation for a delayed FOIA request response, (Dkt. No. 48 at 7–11).

Pursuant to FOIA, an agency must "determine within 20 days . . . after the receipt of any such request whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i). In the Ninth Circuit, many courts have found a FOIA violation independent of underlying disclosure issues "when the violation is 'egregious' *or* when there is a 'pattern or practice' of delay." *Munger, Tolles & Olson LLP ex rel. Am. Mgmt. Servs. LLC v. U.S. Dep't of Army*, 58 F. Supp. 3d 1050, 1054 (C.D. Cal. 2014) (emphasis added) (collecting cases); *Prison Legal News v. U.S. Dep't of Homeland Sec.*, 113 F. Supp. 3d 1077, 1084 (W.D. Wash. 2015); *see Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982). For example, courts have found that delays between five to eight months were improper and egregious withholdings in violation of FOIA. *See Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998) (five month delay); *Oregon Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (eight month delay). Additionally, a pattern or practice of delay may be established by instances of delay within and specific to the dispute at hand. *See Cmty. Ass'n for Restoration of the Env't, Inc. v. EPA*, 36 F. Supp. 3d 1039, 1049–50 (E.D. Wash. 2014); *Hajro v. U.S. Citizenship & Immigration Servs.*, 832 F. Supp. 2d 1095, 1107 (N.D. Cal. 2011).

The Court disagrees with ATF that Ninth Circuit case law does not support finding a FOIA violation for egregious delay in response to a request. The Ninth Circuit has explicitly held that "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Long*, 693 F.2d at 910 (finding that waiting 17 months was unreasonable delay). As such, this Court has the authority to find that delay that was either egregious or part of a pattern or practice is a violation of FOIA.

Here, Plaintiff waited 20 months before ATF produced any responsive documents, and

only after this lawsuit was filed. The Court concludes that a 20-month delay is clearly egregious. ATF argues, "despite the delay, ATF produced 1206 pages of documents responsive" to Plaintiff's FOIA request. (Dkt. No. 48 at 11.) However, the fact that ATF eventually produced responsive documents is irrelevant to whether the delay was egregious. Therefore, the Court finds that ATF violated FOIA because an egregious delay in initiating a search, even if the search itself was reasonably calculated, is still a FOIA violation. The Court GRANTS Plaintiff's motion and DENIES ATF's motion on this issue.

2. Responsive Production

Plaintiff seems to argue that because ATF only produced a handful of responsive pages and documents to requests five, seven, and eight, [3] "it is unclear whether [Plaintiff] received all responsive records." (Dkt. No. 46 at 7.) However, it is clear from the declaration of Stephanie M. Boucher, Chief of the Disclosure Division of ATF, that ATF conducted a reasonable search for documents responsive to all of Plaintiff's requests once ATF actually initiated a search. (Dkt. No. 43.) Specifically, "ATF targeted its Enforcement Programs and Services Directorate, which was the directorate that would have documents relating to these issues, and used multiple iterations of search terms in order to identify any documents related to these requests." (Dkt. No. 48 at 7) (citing Dkt. No. 43 at ¶¶ 10–14). Without more than Plaintiff's speculative assertion that a small number of pages produced for certain requests indicates an unreasonable search, the

---

[3] The relevant requests are as follows:

> 5. All records, from January 1, 2011 to the present of U.S. companies that import, or have imported, Russian-made or Soviet Bloc-made, 7N6 5.45x39mm ammunition for resale in U.S. market.
>
> . . .
>
> 7. All records regarding a domestic manufacture Bulgarian Krinkov AKSU 5.45x39mm Pistol by MC Arms (Missouri Custom Armament) and any other handgun capable of firing 5.45x39mm ammunition that ATF considers "commercially available" to the United States.
>
> 8. All records documenting actions by ATF to reclassify the Fabryka Bronie Random, Model Onyks 89S as a short-barreled rifle, including all records discussing, referring to, interpreting, or reflecting a December 5, 2013 Notice of Firearms Manufactured or Imported by Marshall Arms LLC and any actions taken by ATF regarding this notice.

(Dkt. No. 43-1 at 3.)

Court concludes that ATF performed a reasonably calculated search. Therefore, the Court DENIES Plaintiff's motion and GRANTS ATF's motion on this issue.

**C. FOIA Exceptions**

Plaintiff challenges ATF's withholdings on two grounds: (1) Documents 100, 107, 160, 161, and 354 lack specificity as to why they were withheld pursuant to FOIA exception (b)(3), (Dkt. No. 46 at 11), and (2) ATF improperly asserted FOIA exception (b)(5) for pages in documents 260 and 276, (*id.* at 11–14).

1. FOIA Exception (b)(3): Exempted by Statute Exception

Plaintiff argues that ATF's *Vaughn* index, (Dkt. Nos. 43-1 at 24–108 and 43-2 at 2–188), does not provide enough information to evaluate the withholdings of Documents 100, 107, 160, and 354, all ATF 6A Forms. (Dkt. No. 46 at 11.) However, ATF contends that the redactions of dates, applicants, and recipients on the 6A forms are protected and properly withheld under a FOIA exception, 5 U.S.C. § 552 (b)(3). (Dkt. No. 48 at 6.)

FOIA exception (b)(3) covers matters that are

> specifically exempted by statute . . . provided that such statute either (A) [requires withholding] in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and if enacted after the date of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

5 U.S.C. § 552(b)(3). Under the Consolidated and Further Continuing Appropriations Act of 2012, Public Law 112-55, November 18, 2011, 125 Stat. 552, 609–10, Congress specifically directed that ATF not disclose information from the Firearms Trace System Database (FTSD), as well as other information required to be kept by a Federal Firearms Licensee (FFL) under 18 U.S.C. § 923(g)[4]. ATF 6A Forms are generated out of the FTSD. (Dkt. No. 43 at ¶ 40.) The

[4] 18 U.S.C. § 923(g) requires, in relevant part, that "[e]ach licensed [firearms] importer, licensed [firearms] manufacturer, and licensed [firearms] dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe."

relevant prohibitions on disclosure in the 2012 appropriation bill have appeared in annual appropriations since 2005. *See*, *e.g.*, Consolidated Appropriations Act, 2010, Pub. L. No. 111–117, 123 Stat. 3034, 3128–29; Consolidated Appropriations Act, 2008, Pub. L. No. 110–161, 121 Stat. 1844, 1903–904; Consolidated Appropriations Act, 2005, Pub. L. No. 108–447, 118 Stat. 2809, 2859–60.

Plaintiff argues that because the 2012 appropriations bill does not cite to § 552(b)(3) and it was enacted after 2009, the (b)(3) exception cannot be applied to the documents at issue. (Dkt. No. 49 at 8–9.) (citing *Fowlkes v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 67 F. Supp. 3d 290 (D.D.C. 2014)). However, the Court is not persuaded by this argument and adopts the holding of the vast majority of cases addressing this issue: "disclosure prohibitions set forth by Congress in the 2005 and 2008 appropriations bills are still effective prospectively and beyond those fiscal years as a permanent prohibition, until such time as Congress expresses the intent to repeal or modify them." *Abdeljabbar v. Bureau of Alcohol, Tobacco & Firearms*, 74 F. Supp. 3d 158, 175 (D.D.C. 2014). *See, e.g.*, *Caruso v. ATF*, 2011 WL 669132, at *3 n. 1 (D. Or. Feb. 16, 2011), *rev'd on other grounds* 495 Fed. Appx. 776 (9th Cir. 2012) ("[T]he information [the plaintiff] seeks squarely falls under the statutory language of the Appropriations Act and within the scope of Exemption [(b)(3) ]."). Therefore, because Congress has expressly prohibited ATF from releasing 6A Forms to the public, the withholdings in Documents 100, 107, 160, and 354 are all appropriate pursuant to FOIA exception (b)(3). The Court DENIES Plaintiff's motion and GRANTS ATF's motion on this issue.

2. <u>FOIA Exception (b)(5): Deliberative Process Exception</u>

Plaintiff argues that documents ATF categorized as "draft responses to Questions from Representatives associated with the Hearings on Undercover Storefront Operations" and "proposed responses to Congressional inquiries" that date after the final agency decision on June

2, 2014, were improperly withheld under FOIA exception (b)(5) because they are postdecisional.[5] (Dkt. No. 46 at 14.) Plaintiff contends, "these withheld documents certainly might contain ATF's attempts to explain or rehearse past events rather than a substantive policy decision that was furthered by the discussion." (Dkt. No. 49 at 8.) ATF maintains that these documents "contain and capture the internal discussion undertaken as to what content, language, analysis, reasoning, or explanation ATF should consider or include in its response to inquiries received from members of Congress" and were properly withheld. (Dkt. No. 48-1 at ¶ 20; Dkt. No. 48 at 5.)

FOIA exception (b)(5), known as the deliberative process exception, covers "agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." 5 U.S.C. § 552(b)(5). Documents covered by this exception must be both "predecisional and deliberative." *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006). Documents are predecisional if they were "generated before the adoption of an agency policy." *Id.* (internal quotations and citations omitted). However, it is possible for communications to be postdecisional in form and timing, but predecisional in content. *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975) (noting that postdecisional documents may still reflect protected "prior communications and the ingredients of the decisionmaking process"). For example, communications discussing how to respond to Congressional and media inquiries, even when postdecisional in time, have been found to be "generated as part of a continuous process of agency decision making, viz., how to respond to on-going inquiries" and properly withheld as

---

[5] Plaintiff takes issue with the following pages withheld in the *Vaughn* index (Dkt. No. 43-2): document 260, page 630 and document 276, pages 721, 135–36, 157–58, 206–14,216–24, 227–34, 280-402, 431–39, 515–25, 528–36, 539–47, 550–58, 561–69, 574, 581, 587–95, 597-604, 606–13, 630, 631, 663–69, 713–20, 733–39, 743, 745–51, 787–94, 831, 832, 847–54, 859–67, 872–79, 882–90, 892–99, 906–15, and 936–43. (Dkt. No. 46 at 14.)

predecisional. *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 736 F. Supp. 2d 202, 208 (D.D.C. 2010) (citing *Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1196 (D.C. Cir. 1991)). Documents are deliberative if they "reflect[] the give-and-take of the consultative process." *Judicial Watch, Inc.*, 449 F.3d at 151 (internal quotations and citations omitted).

The Court has reviewed all of the challenged *Vaughn* index entries and finds that the index and supporting affidavits are reasonably specific as to why the documents were withheld. The entries all describe predecisional documents and text that were generated as part of a continuous process to respond to on going inquires from Congress about the agency action. Releasing the redacted information could disclose ATF's deliberative process and diminish the candor of debate that the (b)(5) exception is meant to protect. *See Judicial Watch, Inc.*, 736 F. Supp. 2d at 208. Moreover, all the withheld documents are not final documents and, therefore, are deliberative. As such, Plaintiff's merely speculative claim that "these withheld documents certainly might contain" nonprivileged information is without merit. *See Grand Cent. P'ship, Inc.*, 166 F.3d at 489. The Court DENIES Plaintiff's motion and GRANTS ATF's motion on this issue.

**D. Attorney Fees and Costs**

The parties' agree that Plaintiff's initial request to be found both eligible and entitled to attorney fees and costs was premature. (Dkt. No. 48 at 11; Dkt. No. 49 at 10.) However, Plaintiff asks that the Court deem it eligible for fees as the prevailing party on the FOIA claim so it may make a separate motion for attorney fees and costs. (*Id.*) ATF contends that the question of eligibility cannot yet be determined in this matter. (Dkt. No. 48 at 12.)

To be eligible for an award of attorney fees in a FOIA suit as the prevailing party, Plaintiff must demonstrate "(1) whether [Plaintiff's] suit was *reasonably necessary* to obtain the information; and (2) whether the suit had a *substantial causative effect* on the release of the documents in question." *Church of Scientology of California v. U.S. Postal Serv.*, 700 F.2d 486, 490 (9th Cir. 1983). Here, it is clear that the suit was both reasonably necessary to obtain the

information and had a substantial causative effect on the release because ATF began an internal search for responsive documents nearly a year and a half after the request, but a day after being served, (Dkt. No. 43 at ¶ 8), and produced documents 622 days after the initial request, (Dkt. No. 43-1 at 17). Therefore, the Court concludes that Plaintiff is eligible for attorney fees and costs as the prevailing party.

**III. CONCLUSION**

For the foregoing reasons, the parties' cross motions for partial summary judgment on the FOIA claim (Dkt. Nos. 41 and 46) are GRANTED in part and DENIED in part.

DATED this 23rd day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE